No. 18,497.

MRS. CLARENCE E. FILLEY, *Appellant*, v. THE ILLINOIS LIFE INSURANCE COMPANY et al. (FANNIE E. FILLEY, *Appellee*).

### SYLLABUS BY THE COURT.

LIFE INSURANCE—*Payable to Wife—Divorce—No Change in Beneficiary—Benefit Payable to Surviving Beneficiary.* The benefit accruing from a policy of life insurance, upon the life of a married man, payable upon his death to his wife, naming her, is payable to the surviving beneficiary, named, although she may have years thereafter secured a divorce from her husband and he was thereafter again married to one who sustained the relation of wife to him at the time of his death.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 10, 1914. Affirmed.

*Eugene S. Quinton, Joseph G. Waters*, and *John C. Waters*, all of Topeka, for the appellant.

*J. H. Stavely, A. K. Stavely*, both of Lyndon, and *Thomas M. Lillard*, of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This case was tried upon an agreed statement of facts, in addition to the facts admitted in the pleadings, signed by the attorneys for each party. It reads:

"It is admitted by the plaintiff, through and by her attorneys, and the defendant, Fannie E. Filley, by and

through her attorneys, that this cause may be submitted to the court upon the following agreed statement of facts, and the copy of the policy attached to plaintiff's petition, and upon the pleadings.

"That at the time of the issuance of the policy herein sued on, to wit: on or about the 7th day of June, 1883, the said Clarence E. Filley, upon whose life said policy was issued, was then and at that time lawfully married to Fannie E. Filley, the defendant herein, and the said Fannie E. Filley, defendant herein, was at that time the lawful wife of the said Clarence E. Filley.

"It is further admitted that on or about the 12th day of June, 1900, the said Fannie E. Filley, defendant herein, sought and obtained a divorce from her then husband, Clarence E. Filley, the insured named in said policy, sued on in this action, the said policy being a part of this agreed statement of facts; and that in said decree certain property was prayed for, and set apart and decreed to Fannie E. Filley, the defendant; and that said Fannie E. Filley, defendant herein, is not claiming any right, title or interest in said policy by virtue of said decree.

"That on or about the 20th day of March, 1901, the said Clarence E. Filley, was married to the plaintiff herein, Mary Filley.

"And the said Mary Filley, plaintiff herein, was the wife of said Clarence E. Filley, at the time of the death of Clarence E. Filley, the insured in said policy.

"The annual premiums upon said policy were paid annually by the said Clarence E. Filley, up until the time of his death on the 24th day of August, 1910."

The determining question of law involved is whether, under these facts, Fannie E. Filley, who as the wife of the insured was made the beneficiary, is entitled to recover from the insurance company, she having been divorced before the death of the insured; or whether Mary Filley, whom the insured married after the divorce from Fannie and who was the wife of the insured at the time of his death, is entitled to recover.

Mary Filley, in the name of Mrs. Clarence E. Filley, brought this action, and Fannie E. Filley answered setting up her claims. The insurance company, defendant, having assumed the obligation of the Kansas

Mutual Life Association, which issued the policy sued on, admitted its liability and paid the amount of the claim into court, and upon the order of the court it was dismissed from the action. The court rendered judgment in favor of Fannie E. Filley, and Mary Filley appeals and assigns as error, first, that the court erred in rendering judgment for the appellee; second, in overruling the motion for new trial; third, in not rendering judgment for the appellant.

The death benefit in the policy recited, in substance, that upon the receipt of satisfactory proof of the death of Clarence E. Filley, the insured, "he having conformed to all the conditions hereof, this Association will pay to His Wife, Fannie E. Filley, or to her legal representatives, the net proceeds of one full assessment . . . to an amount not to exceed THREE THOUSAND DOLLARS"; also, "that should the said Clarence E. Filley live to the age of Sixty-four years, and then choose to surrender this Policy, this Association will pay to said Clarence E. Filley the amount he has paid into the Treasury on account of Death and Expectation Indemnity Assessments (less the ten cents, cost of collection) with four per cent interest upon such payments." . . .

Epitomizing the agreed facts, the appellee, Fannie E. Filley, was the wife of the insured over seven years from the time of the issuance of the policy, when she secured a divorce, and in the way of alimony was apportioned a part of his property; that about nine months after the divorce the insured married the appellant, who remained his wife until the time of his death, over nine years thereafter. No claim is made by appellee by reason of any provision for her in the decree of divorce.

The appellant contends that the benefit was payable to the status, the person who sustained the relation of wife to Clarence E. Filley at the time of his death. The first ground for this contention is the language of

the certificate or policy. It is said that where two nouns indicate one person, the second serves to identify the first rather than the first to identify the second. We see no force in this contention.

On the other hand, the appellee, Fannie E. Filley, contends, and we think in accordance with the authorities, that the circumstances and relations of the parties at the time the contract for insurance was made should determine, if the terms of the contract are indefinite or uncertain, the purpose and intent of the insured. He had the right to designate any person or persons he. chose as beneficiaries within the restrictions of the rules of the company, and where the writing does not clearly indicate the purpose of the insured, the motives which actuate people generally will be presumed to have actuated him. It may be said, without hesitation, that a man, with or without children, does not ordinarily prefer his wife's relatives in preference to his own in the descent or appropriation of his estate or of any interest in property which he controls. It is said in appellee's briefs that the insured and Fannie E. Filley had children, but there is no evidence of this in the agreed statement of facts. Whichever of the contending claimants was designated in the policy as the primary beneficiary, "her legal representatives" were clearly the alternative or secondary beneficiaries. If the motives which usually actuate men lead to the presumption that the secondary beneficiaries contemplated were related to him more nearly than his other relatives, the heirs of the primary beneficiary were probably his heirs.

So far as shown, the insured was at the time of the issuance of the policy living amicably with his then wife, and under such circumstances in purchasing such a contract a man ordinarily makes provision for the relations then existing, for the support and benefit of his then wife and their children, if any they have or are reasonably to be expected. It will not be presumed

that the insured contemplated a divorce from his then wife and in purchasing a policy of insurance was intending to make provision for another wife.

Yet it seems clear, if the policy be construed as designating the appellant as the beneficiary, that the words "or her legal representatives" must also mean the legal representatives of the appellant. It also seems improbable that the insured could have contemplated a benefit to one succeeding his then wife, at the time of securing the contract of insurance; much less then that he contemplated a possible benefit to the second wife's heirs or legal representatives.

In 17 A. & E. Encycl. of L. 21, 23, it is said:

"In interpreting a writing, the court, in order to determine its meaning, will consider all the facts and circumstances attending its execution. Among the circumstances so considered are the relations of the parties, the nature and situation of the subject-matter, and the apparent purpose of making the instrument or contract in question. . . . It is but another statement of the same rule to say, as is frequently done, that the court will, if necessary, put itself in the place of the parties and read the instrument in the light of the circumstances surrounding them at the time it was made and of the objects which they evidently had in view."

This is a well-recognized rule. Viewing the situation as of the time the policy was written, we conclude that the object of the insured was to protect his then wife, if she should survive him, and his children by her, if any they had or might have. There is nothing to indicate that he contemplated a divorce from his then wife, which occurred seven years thereafter, or that he was contemplating any protection to any one who might thereafter become his wife and maintain that relation at the uncertain time of his death.

The appellant cites the case of *Life Ins. Co. v. Sturges,* 18 Kan. 93. In that case Sturges was the assignee of a policy of insurance on the life of a man in the con-

tinuance of which he had no interest whatever, and a benefit to him was not at all contemplated by the insured or the company at the time of the issuance of the policy.

The case of *Hatch v. Hatch*, 35 Tex. Civ. App. 373, 80 S. W. 411, is more closely analogous to this case, but in that case the wife was not named in the policy when it was procured. The intention of the insured to benefit her thereby seems to be negatived inasmuch as some other person was made the beneficiary and the wife procured the policy by assignment and she thereafter obtained a divorce from her husband, the insured.

The citation from 3 A. & E. Encycl. of L., 943, relates only to mutual benefit certificates. The instrument in this case is designated as a policy and not as a certificate and has more resemblance to an old-line policy of insurance than to a mutual benefit certificate.

At any rate, under the authorities the question of appellee's right to receive the benefit depends largely on whether her rights vested at the time of the issuance of the policy or could only vest upon the death of the insured. In support of the contention of the appellant several fraternal insurance cases are cited, among which are, *Order of Railway Conductors v. Koster*, 55 Mo. App. 186, and *Tyler v. Odd Fellows Mutual Relief Association*, 145 Mass. 134, 13 N. E. 360. In this class of cases it seems to be the general rule that no interest vests in the beneficiary until the death of the insured; while in the old-line insurance cases the interest of the beneficiary is said to vest at the time of the execution of the policy.

The provisions of this policy are more like the provisions of old-line life insurance policies than fraternal certificates. In this class of insurance policies we believe it is generally held that when a married woman is named as a beneficiary in a policy of insurance on

15—91 KAN.

the life of her husband, she is entitled to the proceeds of the policy notwithstanding a divorce has been obtained by her before his death. (*Overhiser v. Overhiser,* 14 Colo. App. 1, 59 Pac. 75; *Prudential Ins. Co. v. Morris,* [N. J. Eq.] 70 Atl. 924; *Overhiser's Adm'x v. Overhiser,* 63 Ohio St. 77, 57 N. E. 965; *Overbeck v. Overbeck,* 155 Pa. St. 5, 25 Atl. 646; *White v. Brotherhood of American Yeomen,* 124 Iowa, 293, 99 N. W. 1071; *Brown v. Grand Lodge,* 208 Pa. St. 101, 57 Atl. 176; *Courtois v. Grand Lodge,* 135 Cal. 552, 67 Pac. 970; *Wallace v. Mutual Ben. Life Ins. Co.,* 97 Minn 27, 106 N. W. 84, 3 L. R. A., n. s., 478.)

The judgment is affirmed.