No. 27,382.

LYDIA C. HOFFMAN, Administratrix of the Estate of RUBY C. HOFFMAN, Deceased, *Appellant*, v. THE FEDERAL RESERVE LIFE INSURANCE COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Insurable Interest*. A person has an insurable interest in his own life.

2. SAME—*Who May be Named Beneficiary*. In the absence of a statute, or some by-law, rule, or provision of the insurance company to the contrary, a person, acting in good faith, may take out insurance on his own life and name as beneficiary anyone whom he pleases.

3. SAME—*Change of Beneficiary—Compliance With Provision of Policy*. A provision in an insurance policy which authorizes the insured to change the beneficiary "by written notice to the company . . . accompanied by this policy for indorsement of the change thereon," and which provides "and unless so indorsed the change shall not take effect," is not complied with so as to make an effective change of beneficiary, by a note left by the insured, addressed to her parents, informing them that she has some insurance and expressing the hope that they would be able to collect it.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed May 7, 1927. Affirmed.

*A. J. Herrod* and *J. M. Meek*, both of Kansas City, for the appellant.

*J. H. Brady* and *T. F. Railsback*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This action involves a controversy over the proceeds of a life insurance policy between the administratrix of the estate of the deceased and the beneficiary named in the policy. It was tried to the court. Most of the facts were agreed to. Plaintiff of-

---

Life Insurance, 37 C. J. pp. 389 n. 35, 390 n. 39, 584 n. 36. Insurance, 14 R. C. L. 920, 1391.

fered additional evidence. Judgment was rendered for defendant, and the plaintiff has appealed.

The material facts are substantially as follows: In August, 1922, Ruby C. Hoffman and Joseph E. O'Donnell were married and lived together as husband and wife until in January, 1925. On August 28, 1923, Ruby C. O'Donnell made application to the life insurance company for a policy of life insurance upon her own life, and in such application requested that Joseph E. O'Donnell, who bore the relation of husband to her, be named as beneficiary. The policy was issued and two annual premiums were paid thereon. About January, 1925, the parties separated, and Joseph E. O'Donnell filed an action in the district court in which he prayed judgment annulling the marriage because Ruby C. O'Donnell had another husband living at the time of the marriage to plaintiff and was not competent to enter into the marriage relation with him. That case was tried, resulting in a judgment for plaintiff annulling the marriage, and that judgment and decree have become final. After their separation Ruby C. Hoffman O'Donnell went to live with her parents. On September 1, 1925, she ended her own life by taking poison. Her mother, Lydia C. Hoffman, was appointed administratrix of her estate. Proofs of death were duly made to the insurance company. Lydia C. Hoffman, as administratrix, then brought this action against the insurance company and Joseph E. O'Donnell, in which she claimed the proceeds of the life insurance policy. The insurance company admitted its liability and paid, or tendered into court the amount due under the policy and asked the court to determine to whom it should be paid. Joseph E. O'Donnell answered, claiming the proceeds by reason of the fact that he was the beneficiary named in the policy. There is no controversy here over the amount to be paid.

The legal question argued is one of insurable interest. Plaintiff contends that the defendant had no insurable interest in the life of the insured. This argument lacks merit. Ruby C. Hoffman O'Donnell had an insurable interest in her own life, and in the absence of any statute, or of any by-law, rule or other provision of the insurance company to the contrary, she could, acting in good faith, take out a policy of insurance upon her own life and name whom she pleased as beneficiary. In 37 C. J. 389, the rule is thus stated:

"A person may in good faith and without fraud, collusion, or an intent to enter into a wagering contract, lawfully take out a policy of insurance on his own life and make the benefit payable to whomsoever he pleases, either himself or his estate or a third person regardless of whether or not the latter has an insurable interest; insured has an unlimited insurable interest in his own life which is sufficient to support the policy."

The text is supported by numerous authorities. Nothing in our statute, or in the decisions of this court, has been called to our attention indicating a contrary view. In this case the court specifically found, or held:

"The policy of insurance in controversy was one by which Ruby C. Hoffman, alias Ruby C. O'Donnell, insured her own life in favor of Joseph E. O'Donnell; that is to say, it was not taken out by him on her life in his own favor."

This finding of the court brings the case clearly within the rule of law above stated. Much of the argument in this case is based upon the opposite assumption; that is, upon the premise that Joseph E. O'Donnell took out the policy in which he himself was named as beneficiary upon the life of Ruby C. Hoffman O'Donnell. Starting with this premise, it is argued that Joseph E. O'Donnell did not have an insurable interest in the life of Ruby C. Hoffman O'Donnell. Even starting with this assumption, perhaps the contention of plaintiff is not well founded (*Filley v. Insurance Co.*, 91 Kan. 220, 137 Pac. 793; 93 Kan. 193, 197, 144 Pac. 257; *Conn. Mut. Life Ins. Co. v. Schaefer*, 94 U. S. 457); but it is not necessary for us to pass upon that question. This argument involves the question of the insurable interest of one who takes out a policy of insurance upon the life of another; but under the finding and conclusion of the trial court we do not have that question before us. Plaintiff complains of this finding and conclusion of the court. But if treated as a finding, there is ample evidence to sustain it. The petition in this case alleges that the policy was issued to her and that she paid the premiums thereon. The application was signed by the insured, the first premium was paid by a check on the joint bank account of Joseph E. O'Donnell and Ruby C. O'Donnell, who were then living together as husband and wife, and the second premium was paid by Ruby C. Hoffman O'Donnell in cash with money that had been furnished her by Joseph E. O'Donnell. The evidence is barren of any facts tending to show that Joseph E. O'Donnell solicited her to

Hoffman v. Federal Reserve Life Ins. Co.

take the insurance in his favor, or any other fact indicating collusion or fraud in the taking of the policy by her.

The policy contained this provision:

"The insured may, at any time and from time to time, change the beneficiary, subject, however, to the rules of the company regarding assignments and change of beneficiaries. Every change must be made by written notice to the company at its home office accompanied by this policy for indorsement of the change hereon by the company and unless so indorsed the change shall not take effect."

On the day the insured took poison which caused her death the following note, in her handwriting, was found between the leaves of the Bible in the room she occupied:

"Dear Mama & Papa:

"Life is to much. There well be some insurance that I hope you will be able to collect.                                                    RUBY.

"What is to be well be."

Plaintiff contends that this amounts to a change in the beneficiary. But this contention cannot be sustained. It was not made by written notice to the company at its home office accompanied by the policy for indorsement of the change thereon by the company, and the policy specifically provides "unless so indorsed the change shall not take effect."

Other questions are argued, but in view of the conclusion reached it is not necessary to consider them.

The judgment of the court below is affirmed.