No. 34,115

KENNETH STANFIELD, by OTHELLO STANFIELD, Guardian, *Plaintiff,* v. W. C. McBRIDE, INC., Garnishor, *Appellant,* and JAMES STRUNK, *Defendants;* EMPLOYERS MUTUAL CASUALTY COMPANY, Garnishee, *Appellee.*

(88 P. 2d 1002)

Opinion filed April 8, 1939.

*C. H. Brooks, Howard T. Fleeson, Fred W. Aley, Carl G. Tebbe, Wayne Coulson* and *Paul R. Kitch,* all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This appeal is from the decision of the trial court in a contested garnishment proceeding. The appellant W. C. McBride, Inc., was the garnishor, and the appellee Employers Mutual Casualty Company, the garnishee.

In the principal action out of which the writ of garnishment was issued which gave rise to the contest between the above parties, Kenneth Stanfield, a minor, brought suit against W. C. McBride, Inc., and James L. Strunk as defendants, and recovered judgment against both defendants in the sum of $10,000. Stanfield had been severely injured on September 5, 1936, when he was struck by a car owned by the Miller-Morgan Motor Company, of McPherson, and being driven with the consent of the motor company by defendant Strunk, an employee of W. C. McBride, Inc. W. C. McBride, Inc., recovered a judgment of $10,000 over against its codefendant Strunk.

W. C. McBride, Inc., paid plaintiff's judgment and then issued a writ of garnishment directed to the appellee, Employers Mutual Casualty Company, claiming that Strunk, the defendant, ultimately liable for the judgment, was insured under an insurance contract issued by appellee to the Miller-Morgan Motor Company. Appellee denied liability in its answer to the writ, and upon this answer appellant took issue. After a trial the court dismissed the garnishment proceeding. Appellant then filed a motion to vacate the judgment and to render judgment in its favor, and also a motion for a new trial. These motions were overruled, and appellant now asks a review of these orders.

The evidence in the garnishment proceeding showed that on August 11, 1936, the appellee issued to the Miller-Morgan Motor Company a standard form automobile insurance contract covering the Ford automobile involved in the above accident and owned by the motor company. Among other things the contract insured against liability imposed by law for damages caused by accident and arising out of the ownership, maintenance or use of the automobile. The contract as issued contained a provision commonly known among insurance men as an omnibus clause. This provision, as far as pertinent, provided:

"The unqualified word 'insured' wherever used in coverages A and B, and in other parts of this policy, when applicable to these coverages, includes not

only the named insured, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial' each as defined herein, and provided further that the actual use is with the permission of the named insured."

It further appears that on August 28, 1936, one McInteer, the agent of appellee who had sold the policy to the motor company, came to the office of that company, obtained the insurance contract and attached a rider to the contract which removed the omnibus clause from the policy so that the policy, after the attachment of the rider, limited the meaning of the word "insured" to the Miller-Morgan Motor Company alone. Some eight days later the automobile was loaned to Strunk to drive on the business of appellant, his employer, and while he was so driving the car Kenneth Stanfield, plaintiff in the principal action, was injured.

At the time the insurance contract was issued by appellee, the motor company paid the full premium demanded for the whole policy, including the omnibus clause, amounting to $35.95. It is agreed that at the time the rider was attached no part of the premium which had been paid was returned nor was there any other adjustment made as to the premium.

Appellant at the time of the trial in the garnishment proceeding offered testimony by G. C. Temple, office manager of the motor company, for the purpose of showing that the rider had been attached to the insurance contract without the knowledge of the motor company and without its assent. This testimony was excluded by the trial court and is one of the things complained of in this appeal.

The appellant also contends that despite the exclusion of the testimony of Temple, the rider was still ineffective because there was no new consideration for the alteration of the contract. The trial court does not seem to have passed upon this question, but from the opinion, which is made a part of the journal entry, seems to have held that it was necessary to reform the contract of insurance and that this could not be done in this garnishment proceeding. That statement of the court is as follows:

"It is my opinion that one who has secured a judgment against an insured under a public liability automobile policy may maintain garnishment against the insurance carrier, but he can have no greater right against that carrier than has the insured, and in this case the policy as now written would have to be reformed so as to cover the driver of the car involved by its terms before such driver could secure a judgment. That is the relief sought to be obtained

in this garnishment action reformation of the policy, but reformation of an instrument is not within the issues raised by the pleadings, and an action in garnishment cannot be enlarged to include the reformation of an instrument and for that reason judgment must be rendered in favor of the garnishee defendant."

On August 11, 1936, the policy was issued to the Miller-Morgan Motor Company. On August 28, 1936, the agent for the insurance company deleted the omnibus clause. If valid, this removed the coverage on the guest car. It was about eight days after the change in the policy that Strunk, driving the guest car, caused the injury to Stanfield. The Miller-Morgan Motor Company are not parties to this lawsuit. The policy was issued to them. They have made no complaint as to the change in the policy, and so far as the record shows, they were satisfied with the deletion of the omnibus clause.

As stated, the appellant McBride asserts that the rider attached to the policy which eliminated the omnibus clause is void and cannot affect his rights under the policy. The ultimate question to be determined may be formulated thus: Where a contract is entered into for the benefit of a third person as beneficiary, does such beneficiary acquire a right at once upon the making of the contract and does such right become immediately indefeasible? May the original parties to a contract made for the benefit of a third person as beneficiary prior to the time such beneficiary has knowledge of such contract, or has acted upon the faith of such contract, or has in anywise changed his position, modify or discharge such contract?

In the case of life insurance contracts the almost universal rule is that in the absence of a statute or power of revocation the beneficiary acquires a vested right of which he cannot be deprived without his consent. (2 Williston on Contracts, Rev. ed., § 396.) We have so held. (*Filley v. Insurance Co.*, 91 Kan. 220, 137 Pac. 793; *Hoffman v. Federal Reserve Life Ins. Co.*, 123 Kan. 554, 255 Pac. 980.)

In the Filley case the syllabus reads:

"The benefit accruing from a policy of life insurance, upon the life of a married man, payable upon his death to his wife, naming her, is payable to the surviving beneficiary, named, although she may have years thereafter secured a divorce from her husband and he was thereafter again married to one who sustained the relation of wife to him at the time of his death."

But these cases do not reach the question before us. Here the omnibus clause extending coverage to the courtesy car driven by Strunk was deleted by a rider attached prior to the accident, and

before Strunk or McBride (so far as the record shows) had any knowledge of the insurance contract. Their position has in nowise changed by reliance on the contract. Under these circumstances can it be seriously contended the motor company and the insurance company could not modify or change the insurance contract? We are not dealing with an attempted release or rescission by the promisee in the contract, the effect of which would be to cut out the rights of a beneficiary whose rights had attached under the contract.

While no case directly in point has been called to our attention, we are clear the original parties could by mutual consent, under the circumstances stated, modify the insurance contract by attaching the rider thereto.

Could such change in the contract be questioned by the plaintiff McBride under the issues framed in the garnishment proceedings, the insured motor company not being joined as a party? Counsel for McBride confidently assert that the question is concluded by our recent case of *Riddle v. Rankin*, 146 Kan. 316, 69 P. 2d 722. In that case the Maryland Casualty Company issued a policy to Rankin. Riddle, a third-party beneficiary under the policy, sustained an injury for which he sued Rankin and recovered judgment. The execution having been returned unsatisfied, Riddle had a garnishment summons issued to the insurance company. The main issue before the court was whether the policy issued to Rankin had been canceled by mutual consent. In the opinion of the court it was stated: "We cannot concur in the trial court's conclusion that the policies were canceled by mutual consent." (p. 327.) The vital question at issue was whether the original insurance contract had been changed. That issue was litigated, and the policy was held in force.

In the case before us the Miller-Morgan Motor Company has not been sued under the policy. They are not parties to the present proceedings. As the original parties had a right to modify or change the policy before the interest of any potential beneficiaries had accrued under the contract, it is difficult to suggest any ground upon which the plaintiff McBride can question such change.

Counsel for appellant in their brief states: "Cases are legion holding that the judgment creditor (McBride) of an additional assured (Strunk) under an omnibus clause can enforce its judgment by a suit on the policy directly against the insurer." Nineteen cases from many jurisdictions are cited in support of this proposition.

The abstract proposition of law stated by counsel need not be questioned. It presupposes coverage under a contract. Here the omnibus clause was expunged by the original parties—the promisor and the promisee—and, as we have seen, they were privileged to make such change.

Complaint is made of the exclusion of testimony to show the rider was attached through fraud. Although our statute G. S. 1935, 60-951, provides that the proceedings against a garnishee shall be deemed an action against the garnishee and defendant as parties defendant, no issue of fraud was raised in the garnishment proceedings. There was no error in the exclusion of such testimony.

But assuming that the agent of the insurance company was guilty of fraud, the endorsement by which the omnibus clause was deleted would be voidable only, not void. We quote from the Restatement of Contracts, section 13 and part of comment a:

"A voidable contract is one where one or more parties thereto have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract; or by ratification of the contract to extinguish the power of avoidance.

"*Comment:* a. Typical instances of voidable contracts are those where one or both parties are infants; or where the contract was induced by fraud, mistake, or duress; or where breach of a warranty or of another promise justifies the injured party in rescinding a bargain or avoiding its legal effect. . . ."

So that if fraud be admitted in securing the endorsement, such endorsement could be validated by ratification by Miller-Morgan. In *Bank of Topeka v. Majestic Fire Ins. Co.,* 119 Kan. 689, 690, 240 Pac. 954, it was said:

"A contract procured by fraud is not necessarily void. It is voidable. Until the defrauded party elects to rescind it is valid and binding." (p. 690.)

The evidence in this case fails to show that Miller-Morgan has elected to rescind the change in the policy. It does not show they are dissatisfied with the policy in its present form. The rider was attached August 28, 1936, yet Miller-Morgan, the insured thereunder, has never attempted to avoid it. This raises a strong presumption that the action of the agent of the defendant insurance company in attaching the rider was ratified by the insured, the Miller-Morgan Motor Company. The burden was on the plaintiff to establish his cause of action. As a condition precedent to his right of recovery it was necessary for the plaintiff to show that the omnibus clause had not been deleted from the original contract. That fact has not been established.

The argument of plaintiff's counsel in the case is predicated on the assumption that the insurance contract on the date of the accident was the same as when the policy was originally issued and before the omnibus clause was deleted. But any rights the plaintiff may have must spring from the contract in force when injury to Stanfield occurred. If the original contract had been rescinded by the parties thereto before the third party beneficiary had ever heard of it, or had changed his position by reliance upon it, can it be maintained that the rights of such beneficiary are to be measured by the contract before it was rescinded? Some states provide by* statute that one for whom a contract is made may maintain an action on the promise. In Anson on Contracts (Corbin's ed.) many of these statutes are quoted. In note 2 to section 301 appears the following:

" 'A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.' Cal. Civ. Code, § 1559; Idaho Civ. Code, § 2728; Mont. Civ. Code, § 2103; N. Dak. Rev. Codes, § 5285; S. Dak. Civ. Code, § 4688."

Appellant contends that the endorsement by which the coverage clause was deleted is void because it was unsupported by any consideration. But the question is not whether a contract or a modification thereof must be supported by a consideration, but whether a volunteer who has no interest in the matter can raise the question. Suppose A and B enter into a contract for the benefit of C. Suppose further that C never knew of the agreement between A and B, and therefore had placed no reliance on such contract, and in nowise had changed his position. Is the contract between A and B, the moment executed, like the laws of the Medes and Persians—no longer subject to change? Does the contract upon its completion become a finality that forbids the touch of the contracting parties? Is the contractual status of the parties immutably fixed? Before A and B are permitted to change or abrogate their agreement must they of necessity secure consent of the third party C, who until then is a stranger to the contract, and at all times a mere windfall volunteer? To hold that the moment A and B enter into an agreement for the benefit of C, that such third party C has at that moment and under all circumstances acquired an interest in the contract which is indefeasibly vested is an affront to common sense. While the doctrine of *Lawrence v. Fox*, 20 N. Y. 268, was adopted in this state at an early day and has been steadily adhered to

through the years, it should not be pushed beyond the bounds of reason. We hold, therefore, that the parties had a lawful right to limit the coverage by attaching a rider to the policy, and that the plaintiff could not question the transaction. As he had no knowledge of the contract and had in nowise changed his position by reliance thereon, and had no accrued interest in the contract, he was at that time in the position of a stranger to the contract and could not raise the question of the sufficiency of the consideration.

For the reasons stated, the decision of the trial court must be affirmed. It is so ordered.