No. 34,408

ERNEST L. NEWMAN, *Appellee*, v. THE KANSAS LIFE INSURANCE COMPANY et al., *Appellants*.

(95 P. 2d 307)

Opinion filed November 10, 1939.

*Hugh T. Fisher, Irwin Snattinger, David H. Fisher* and *Peter F. Caldwell*, all of Topeka, for the appellants.

*Ralph T. O'Neil, John D. M. Hamilton* and *Barton E. Griffith*, all of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a policy of life insurance. Plaintiff's demurrer to defendant's amended answer was sustained. Defendant elected to stand on its amended answer, and judgment was rendered against it. The defendant appeals, assigning as errors the ruling on the demurrer and the rendering of the judgment.

Briefly stated, the petition alleged that the defendant issued its policy of life insurance No. 2252 to Maude Ellen Newman on her life, and agreed upon proof of her death to pay the sum of $2,000 to her husband, Ernest L. Newman, the plaintiff herein, with the right reserved to the insured to change the beneficiary, the policy covering a period beginning August 30, 1928; that the insured performed all conditions to be performed by her; that the insured died December 2, 1934, at which time the policy was in force, and that defendant refused to pay the amount of the policy. A copy of the policy was attached to and made part of the petition.

Defendant's amended answer admitted issuance of the policy, but denied it was in force and effect at date of the death on Decem-

ber 2, 1934, for the reason that a note was given by plaintiff in the sum of $19.56 for the payment of the last premium due on the policy on May 30, 1932; that default was made on the note and no part thereof was paid either by the plaintiff or the insured and no payment of premium was made after the note was given; that under the terms of the policy the sum due on the note was deducted from the cash value of the policy and the policy was placed upon extended insurance as provided by the terms of the policy and the policy expired on May 18, 1934; that notice of the expiration date of. the policy was given both the plaintiff and the insured by registered mail. The note referred to was set out in full in the answer. It is a simple form of promissory note dated May 30, 1932, for $19.56, due ninety days after date, payable to order of defendant and is signed by Ernest L. Newman. Under his signature, but not part of the body of the note, is the following:

"This note is secured by the reserve under policy No. 2252."

It also bore an endorsement signed by Ernest L. Newman authorizing any bank or individual to purchase the note and stating that there were no offsets against it. Other endorsements showed it was paid August 31, 1933. By stipulation two letters were made part of the amended answer. Both were written by the defendant or its officers. The first was dated August 31, 1933, was addressed to Ernest L. Newman, and opposite the address was the following: "In re: Policy No. 2252."

The subject matter of the letter was that the company's representative had advised that Mr. Newman wished to pay his note from the values "under your policy"; that same had been applied and the note was being enclosed, and—

"The additional extended insurance value which you have after paying your note will carry your policy until May 18, 1934."

The second letter was dated April 17, 1934, addressed to Maude Ellen Newman, referred to policy 2252 and advised her her policy would expire on May 18, 1934, as provided under the extended insurance clause in the policy, unless further remittance was made. There was a further stipulation that a named insurance actuary would testify that the cash value of the policy on May 30, 1932, was $47.50 and would have been sufficient to carry the face value of the policy on extended insurance to January 30, 1935, and the parties agreed that the facts as stated by the actuary were correct.

It may here be remarked that the extended insurance tables made part of the policy, and which refer to the anniversary dates of the policy, tend to show correctness of the above.

The policy of insurance was dated September 1, 1928, and provided that upon receipt of proof of death of Maude Ellen Newman, the company would pay to Ernest L. Newman the sum of $2,000 if the policy was then in full force. Although the face of the policy referred to annual premiums, by subsequent provisions the premiums could be paid in semiannual, quarterly or monthly installments. A right to change the beneficiary was reserved. Provisions as to indebtedness will be referred to later.

Did the amended answer state a defense? Without detailing any facts and figures necessary to be considered in relation thereto, it may be said that if the note given by Ernest L. Newman on May 30, 1932, could be charged against any sums or benefits due to Maude Ellen Newman either when the note was given, when it was due by its terms or when it was finally offset, then the amount remaining for her benefit was not sufficient to continue the policy in force until a period subsequent to her death under the provisions with respect to extended insurance. Appellant contends that the pleadings disclose that to be the case.

It may here be noted that the amended answer in no manner pleads any agency of Ernest L. Newman for Maude Ellen Newman, or that his action in giving the note in question was at her request, direction or knowledge. Whether she had knowledge subsequent to the claimed payment of the note from amounts due under the policy will be later referred to.

In accordance with statutory provisions, a copy of the application for the policy was made a part of the policy and is before us. It clearly discloses that Maude Ellen Newman was the applicant. The beneficiary therein named was the present plaintiff. By the terms of the policy she had the right to change the beneficiary, and under decisions of this court her husband had no vested interest in the policy or its proceeds until after her death. (*Antrim v. International Life Ins. Co.*, 128 Kan. 65, 275 Pac. 1084; *Tromp v. National Reserve Life*, 143 Kan. 98, 53 P. 2d 831.) There is no allegation of the answer that warrants any conclusion that any person other than Maude Ellen Newman had any interest in or right to the benefits of her policy on May 30, 1932, when her husband gave the defendant his, *not her*, note for the amount of a quarterly payment.

We need not discuss whether the note, in the form in which it was prepared and executed, was sufficient to pledge the benefits under the policy, assuming that Ernest L. Newman had such a right. Nor may it be said that the letters mentioned were such that Maude Ellen Newman ratified what was done, by not protesting to the defendant. Not only is there no allegation of agency, there is no allegation she knew of the existence of the note, or of the application of the proceeds of her policy to its satisfaction. The letter of August 31, 1933, addressed to Ernest L. Newman, was written fifteen months after the note was given. It was addressed to him and not to her, and except as the policy number connects the subject matter with her policy, all else refers to a policy held by him and not by her. There is no allegation Maude Ellen Newman ever saw this letter or knew of it. The letter or notice to her dated April 17, 1934, makes no reference to any note, but says only the extended insurance would expire on May 18, 1934, and the policy would be void. Absent any knowledge on her part of the note, or the use of the proceeds of her policy to pay it, she could ignore the letter. She had her policy and could tell therefrom that if it meant what it said, her extended insurance did not expire for some time after the date set. The defendant does not and could not well contend that had there been no note transaction, its letter would have been effective to change the period of extended insurance. But until notice of the note transaction was brought home to Maude Ellen Newman that would be the situation.

Appellant also directs our attention to a provision in the policy that "any indebtedness to the company on account of or secured by this policy . . . will be deducted," etc., and to another similar provision in connection with provisions for extended insurance, and to cases dealing with policy loans or their equivalents. We need not discuss this phase of the matter further than to remark that under the allegations of the amended answer the indebtedness evidenced by the note of Ernest L. Newman was not an "indebtedness on account of or secured by" the policy on his wife's life.

Although appellant did not specifically plead estoppel, it contends that Ernest L. Newman is estopped to make claim to the proceeds of this policy. It is very doubtful that it may now raise the question of estoppel in view of its defense that the execution of the note of Ernest L. Newman and the application of credits due under the policy effected a shortening of the period of extended insurance

which expired prior to the death of the insured. There is no allegation from which it may be inferred it made any claim that if the policy be held to be in effect at the death of Maude Ellen Newman, then by reason of the facts alleged Ernest L. Newman should not be allowed to recover because of his acts. However, we shall treat the contention briefly. As we understand appellant's argument, it is that Ernest L. Newman, when he gave the note, led the company to believe he had a right either to borrow as against the policy or to pledge its reserves to the payment of his note, and that, having done so, he cannot now claim his note was not effectual; was not properly charged against the reserves and that the extended insurance had not expired prior to the death of Maude Ellen Newman. Just where the company acted to its detriment does not clearly appear. It knew fully when the note was made that unless Ernest L. Newman was authorized to act for his wife, the benefits, proceeds or reserves of the policy could not be pledged by him. Even had he thought he had that right because he was the beneficiary, the defendant company knew better. The rights under this policy were contract rights between the company as insurer and Maude Ellen Newman as insured. They could not be altered or changed by any course of dealing to which she was not a party. When she did not pay the premium due May 30, 1932, she had a right to rely on her contract that her insurance would be automatically extended for the definite contract period. Only she or someone by her direction and under authority granted by her could alter that contract right. The amended petition does not charge that what was done by Ernest L. Newman was done under any authority from Maude Ellen Newman, or that he acted as her agent, or that she ratified what he did. So far as she was concerned, she had a right to rely on the contract evidenced by her policy, unaffected by what he did. Under the circumstances, she had an absolute right to change the beneficiary at any time previous to her death. Only on her death was the contract determined, and only then did the beneficiary, here Ernest L. Newman, because she made no other designation, have a cause of action against the company. All this the company knew at all times.

Without reviewing the many authorities cited and discussed in the briefs, it may be said here that application of the doctrine of estoppel is not mechanical; but even so considered, the record discloses a situation where it would not apply. The company was possessed of knowledge of its rights and liabilities superior to that

possessed by Ernest L. Newman, and so far as the allegations of the amended answer disclose, it knew when it dealt with him he had no contract rights in the premises, and that he was not acting in his wife's behalf. Ernest L. Newman's rights accrued after his wife's death, and he was not estopped to claim the benefits due under the policy of insurance.

The ruling and judgment of the trial court are affirmed.