No. 36,291

CLARA E. GEISLER, as Administratrix of the Estate of August Geisler, Deceased, *Appellee,* v. THE MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION and BOYD MESSER, doing business as Boyd Messer Transfer, *Appellants.*

(155 P. 2d 435)

Opinion filed January 27, 1945.

*Douglas Hudson,* of Fort Scott, argued the cause, and *Howard Hudson* and *Douglas G. Hudson,* both of Fort Scott, were on the briefs for the appellants.

*Walter B. Patterson,* of Fort Scott, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover death benefits under an accident insurance policy. The defendants appeal from an order overruling their demurrers to plaintiff's petition.

In the petition the status of the parties was set forth and it was alleged that on June 21, 1943, the insurance corporation, hereafter called the Association, issued a policy of health and accident insurance on one August Geisler, hereafter called the insured, for and in consideration of the payment of the premium by the defendant Boyd Messer, doing business as Boyd Messer Transfer, and hereafter called Messer. Among other things the Association insured Geisler against bodily injuries resulting in loss of life in the sum of $1,000, Messer being named as beneficiary. A copy of the policy was attached as part of the petition and is later mentioned. Plaintiff, the widow of the insured, alleged that in his lifetime, insured was employed by Messer and about August 29, 1943, while so employed he suffered personal injuries resulting in his death on the same day. Plaintiff further alleged that the original policy of insurance was in the sole control of Messer and that he, as named beneficiary, collected the sum of $1,000; that as administratrix of insured's estate she made demand on the Association, which denied liability. Plaintiff further alleged that the Association wrongfully paid the sum of $1,000 to Messer, as the named beneficiary, in that the beneficiary did not have an insurable interest in the life of the insured, and since there was no real, actual or proper beneficiary named in the policy of insurance to receive benefits in case of death of the insured, the proceeds of the policy upon accidental death of the insured were payable to the estate of the insured and to his legal representative, who is the plaintiff. It was further alleged that Messer, as named beneficiary, wrongfully and illegally collected the benefits under the policy of insurance in that he had no insurable interest in the life of the insured; that plaintiff had demanded payment of the benefits from Messer, who refused to pay the same to plaintiff, and Messer is now and has been since receiving the benefits, the trustee of said sum for the benefit of the estate of the insured. The prayer was for recovery from the defendants, of the sum of $1,000 and interest, costs and attorney's fees.

We notice the policy of insurance very briefly. In the body of the policy, August Geisler is named as the insured, and as such was to receive any benefits for personal injuries not resulting in death, and with these provisions we are not presently concerned. If loss of life occur, the benefits are to be $1,000 and under the standard provisions of the policy, this indemnity is payable to the beneficiary if surviving the insured, otherwise to the estate of the insured. No beneficiary was named in the policy proper but, by specific provision, a copy of the application was attached to and made part of the policy. The application signed by the insured shows that the insured named as beneficiary "Boyd Messer Transfer," and that the premium is "7.60—$3.60 Qtrly." The question, "How much premium have you paid?" is unanswered in the application. In the policy proper it is stated the policy is issued in consideration of the statements made in the application and the payment in advance of $7.60 as first payment, and that the payment in advance and acceptance by the Association of $3.60 quarterly beginning July 1, 1943, is required to keep the policy in effect. We note also that attached to the policy is a document entitled "Employee Assignment Of Policy Applied For," which recites that Geisler, the insured, is an employee of Boyd Messer Transfer, and has applied for a policy in the Association "and the employer has paid the premium on the policy." This assignment covers only payments which would have been payable to the insured during his lifetime and need not be more fully noticed.

The record does not disclose that any motions were directed against the petition, and under well-established principles, it is entitled to a liberal interpretation. Each defendant demurred to the petition on the ground that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer and the defendants have appealed. In this court no contention is presented concerning misjoinder of causes of action, and it will not be discussed.

Preliminary to any discussion it may be noted that the policy of insurance here involved is what is termed an accident and health policy, but which provides benefits for accidental death. Only the latter benefits are here involved and the case is to be determined by rules applicable to life insurance cases. (See 1 C. J. 407, § 12, 29 Am. Jur. 868, § 1154.)

In their brief appellants assume, in view of the allegations of the petition, that Messer had no insurable interest in the life of the insured. Our attention is directed to the fact that the petition contains no charge of fraud or bad faith, which are never to be presumed, and it is contended that the petition and the policy disclose that the policy was issued as a result of the application of the insured in which he named Messer as his beneficiary, and the situation presented brings the case squarely within the doctrine of *Hoffman v. Federal Reserve Life Ins. Co.*, 123 Kan. 554, 255 Pac. 980, where it was held:

"A person has an insurable interest in his own life.

"In the absence of a statute, or some by-law, rule, or provision of the insurance company to the contrary, a person, acting in good faith, may take out insurance on his own life and name as beneficiary anyone whom he pleases." (Syl. ¶¶ 1,2.)

And other cases to the same effect are called to our attention. Appellants make no contention otherwise.

Appellee's brief, after referring to some of the decisions relied upon by appellants, directs our attention to a number of decisions dealing with insurable interests and the circumstances under which an employer may have an insurable interest in the life of his employee, to others dealing with wagering contracts and to others in which it has been held that a named beneficiary, who had no insurable interest in the life of the insured, holds the proceeds of the policy in trust for those entitled by law to receive them. We do not find it necessary at this time to discuss these various decisions nor the rules of law set forth in them.

In our opinion the present record does not disclose a situation where we should infer the insured initiated the course of dealing leading to the issuance of the insurance policy nor that the insured took out insurance on his own life naming anyone whom he pleased as beneficiary. It is true that he signed an application for the policy in which he named Messer as his beneficiary, but that application fails to show he paid or was to pay the premium. Another endorsement on the policy shows he did not pay the premium but that Messer did. Further than that the petition alleges that Messer paid the premium. Giving the petition a liberal construction, and considering the language of the application for the insurance and of the employee assignment attached, we are of opinion the petition and exhibits disclose that the beneficiary of the insurance policy had no

insurable interest in the life of the insured but that it does not appear affirmatively the insured took out a policy of insurance on his own life and named as beneficiary one of his own choosing, and that the trial court did not err in overruling defendants' demurrers to the petition.

The ruling of the trial court is affirmed.

BURCH, J., not participating.