**EMPLOYERS MUT. CASUALTY CO. v. AMERICAN AUTOMOBILE INS. CO.**

No. 2520.

Circuit Court of Appeals, Tenth Circuit.

Nov. 6, 1942.

John F. Eberhardt and George Siefkin, both of Wichita, Kan. (Robert C. Foulston, Samuel E. Bartlett, Lester L. Morris, George B. Powers, Carl T. Smith, and C. H. Morris, all of Wichita, Kan., on the brief), for appellant.

Howard T. Fleeson and Wayne Coulson, both of Wichita, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is a contest between the Employers Mutual Casualty Company (appellant and herein called Employers), as the insurer of Miller-Morgan Motor Company under a public liability insurance policy, and the American Automobile Insurance Company (appellee and herein called American), as insurer, subrogee, and substituted plaintiff of W. C. McBride, Inc., and as judgment creditor of one James L. Strunk. The contest involves the liability of the Employers under its policy for a loss incurred and paid by the American as McBride's insurer, arising out of an accident involving an automobile owned by Miller-Morgan, but temporarily loaned to McBride, and which was being operated by McBride's agent, James L. Strunk, at the time the loss was incurred. Our decision here admittedly turns on the construction and effect to be given to a decision of the Supreme Court of Kansas involving the same facts. Stanfield v. McBride, Inc., 149 Kan. 567, 88 P.2d 1002. The facts which gave rise to the controversy are stated in detail in that case and for purposes of this case may be thus summarized.

On August 11, 1936, the Employers, through its soliciting agent, issued and delivered to Miller-Morgan, a motor sales and repair agency, its public liability insurance policy covering a "courtesy car" owned by Miller-Morgan, and intended for the temporary use of its customers while their automobile was undergoing repair in Miller-Morgan's establishment. At the specific request of Miller-Morgan, the policy contained a so-called omnibus or additional insured clause, which in addition to the named insured covered the liability of "* * * any person while using the automobile and any person or organization legally responsible for the use thereof * * *". Soon thereafter and on August 28, 1936, the soliciting agent for the Employers obtained the policy from Miller-Morgan for the purpose of making some

changes. The policy was returned to Miller-Morgan with a rider attached which voided the omnibus clause in the policy and confined the coverage thereunder to Miller-Morgan, the named insured. Miller-Morgan did not have knowledge of the attachment of the rider and did not consent thereto; it accepted the return of the policy as changed, under the mistaken belief that the policy fully covered the operations of the courtesy car.

After the return of the policy as changed, and on September 5, 1936, Miller-Morgan temporarily loaned the courtesy car to its customer, W. C. McBride, Inc., and on that date James L. Strunk, an employee of McBride, while driving the said automobile in the course of his employment with McBride, was involved in an automobile accident, resulting in injuries to one Kenneth Stanfield. Stanfield instituted suit against McBride and Strunk for personal injuries. Strunk notified Employers, contending that he, Strunk, was an additional insured under the omnibus clause of the policy which the Employers had issued to Miller-Morgan. Employers denied liability and refused to defend on the grounds that the policy in force on September 5, 1936, did not cover the automobile while operated by anyone other than the named insured. McBride, through its insurer, American, effected a settlement with Stanfield, which was judicially approved, paid the judgment and McBride was granted a judgment over against Strunk for the same amount.

McBride, as the judgment creditor of Strunk, instituted garnishment proceedings against the Employers under its policy covering the automobile on the theory that at the time of the accident, Strunk was an additional insured under the omnibus clause of the policy, consequently within its coverage, and that the Employers was therefore bound to respond by its terms. The Kansas trial court dismissed the garnishment proceedings, holding that Strunk was not within the coverage of the policy unless it could be reformed to comply with its original terms; that since reformation was not within the issues as cast by garnishment proceedings, McBride could not recover. From a dismissal of the proceedings, McBride appealed to the Supreme Court of Kansas. Subsequent to the dismissal of the garnishment proceedings in the Kansas trial court, but prior to the determination of the appeal from that judgment, the American, as subrogee of McBride and as judgment creditor of Strunk, instituted this action against Miller-Morgan and the Employers, alleging substantially the foregoing facts, including the allegation that the rider which the Employers had attached to the policy issued to Miller-Morgan, deleting or voiding the omnibus clause in the policy, was without consideration or the consent of Miller-Morgan, and was induced by fraud. The American asked that the policy be reformed to comply with its original terms, and that it have judgment against Employers under it as reformed.

After the decision of the Supreme Court of Kansas, on appeal from the Kansas trial court dismissing the garnishment proceedings (Stanfield v. McBride, supra), the Federal trial court gave judgment for the American, holding in effect that the rider attached to the policy deleting the omnibus clause under which Strunk became an additional insured, was induced by fraud and without consideration. The Employers have appealed and the parties agree that the decision here must rest upon our interpretation of the decision of the Supreme Court of Kansas on the appeal from the judgment of the Kansas court.

At the outset, it should be observed that the rights and liabilities of the Employers and the American are measured by the contractual obligations which each have assumed in virtue of an insurance contract which each have issued to their respective insureds; that no liabilities are incurred and no rights accrue except insofar as they may be found within the terms and conditions of the contract. The policy of insurance, upon which the American seeks to recover as a judgment creditor of Strunk, was issued to Miller-Morgan who paid the premium in consideration for the protection afforded. Strunk was a gratuitous insured with no vested or enforceable interest in the protection afforded, unless his operation of the car covered by the policy brought him within the scope of the extended protection. It must be admitted that the contract of insurance between the Employers and Miller-Morgan, as it existed on September 5, 1936, did not by its terms and conditions include Strunk as an additional insured. He was extended no protection under it, and his judgment creditor cannot recover unless it may have reformation of the contract in conformity with its original terms as it existed on

August 11, 1936, or before the omnibus clause was deleted.

We think it must also be admitted that the trial court's findings of fraud and failure of consideration in effecting the change in the policy, by which the omnibus clause was deleted, is supported by substantial evidence and is conclusive here. Our sole question is whether the American, as the judgment creditor of Strunk, may assert the fraud perpetrated on Miller-Morgan as a basis for the reformation of a contract to which its judgment debtor stood in the relation of a contingent insured, antecedent to the fraudulent deletion of that part of the contract on which he must rely for an enforceable interest therein. The Kansas trial court held that the American could not have reformation in a garnishment proceedings on the sole ground that reformation of the contract was not within the limited scope of the remedy afforded by garnishment proceedings. It stopped there, it did not hold that the judgment creditor could not have reformation in a proper proceedings. The American took issue by appealing to the Supreme Court of Kansas.

The Supreme Court of Kansas affirmed the trial court, holding that although fraud had been asserted, it was not within the issues of the garnishment proceedings, and could not be litigated there. It could have doubtless stopped there without unduly curtailing an exposition of the law relevant to the issues raised by the appeal. But it did not elect to confine its decision to the bare procedural question presented, and in language too clear and relevant to be called dicta, it prescribed the substantive as well as the procedural standards which must govern the right of the American to recover in this case. Our decision here therefore does not turn on res judicata as urged, but rather upon the controlling law of Kansas as announced by its Supreme Court under identical facts.

The Supreme Court of Kansas plainly held that if fraud be admitted in the effectuation of the change in the contract between the Employers and Miller-Morgan, by which the interest of Strunk therein was cut off, the change was not void but voidable, and until Miller-Morgan elected to rescind, it was valid and binding on all parties. The court further held that since Strunk's interest in the contract as a contingent insured did not attach until after his right therein had been cut off, he had no enforceable interest therein unless and until Miller-Morgan elected to assert the fraud and to effect a rescission of the change which eliminated Strunk from the coverage in the policy. The court significantly noted that Miller-Morgan was not a party to the proceedings, had not asserted the fraud, or asked for reformation; that since the parties to the contract had a lawful right to limit the coverage by attaching the rider which eliminated Strunk's interest therein before it had attached or accrued, the American occupied the position of a stranger to the contract and could not raise either the question of fraud or the sufficiency of the consideration, and we do not understand that this holding is in conflict with the doctrine announced in Sluder v. National Americans, 101 Kan. 320, 166 P. 482, L.R.A.1917F, 631.

In these proceedings, unlike the garnishment proceedings on which the Supreme Court's decision was based, Miller-Morgan is named as a party defendant to the proceedings, apparently on the theory that its presence as a party defendant would cure the fatal defect in the state court proceedings. But here Miller-Morgan has elected to remain silent; it has filed no pleadings, it has asked for no relief, and no relief is sought against it, unless it can be compelled in this suit to seek a reformation of its insurance contract with Employers. But Miller-Morgan owes no contractual duty, expressed or implied, either to McBride, Strunk, or their subrogee and judgment creditor. There is no privity between the parties which could form the basis for an enforceable legal obligation from Miller-Morgan to the American. Miller-Morgan was the sole owner of the cause of action upon which the American must rest its right to recover, and Miller-Morgan has not elected to litigate the question of rescission based upon fraud, and the American cannot litigate it for it or in its behalf.

We need not explore the dimensions of the rule announced by the Kansas court beyond the precise language of its pronouncement. It is sufficient for our decision here to say that the presence of Miller-Morgan in this law suit does not add or detract from the right of the American to recover under the contract, and that the same fatal bar to its right to recovery exists here as it did in the Kansas court. It cannot assert the apparent fraud and it therefore cannot have reformation.

The judgment of the trial court is reversed, and the cause remanded with instructions to proceed further in accordance with the views expressed herein.