No. 33,174

AETNA LIFE INSURANCE COMPANY, *Plaintiff*, v. EDNA BELL WORPELL, *Appellant*, ZARA WORPELL, *Appellee*.

(64 P. 2d 11)

Opinion filed January 23, 1937.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *Robert H. Nelson,* all of Wichita, for the appellant.

*George Austin Brown* and *Leonard A. Levand,* both of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action filed by an insurance company to ascertain to whom it should pay the benefits of two insurance policies. Judgment was in favor of the wife of insured at the time of his death. A former wife appeals.

The insured had two policies with plaintiff company, each in the amount of $1,250. These were issued on October 28, 1925. At first his father was the beneficiary in one and his mother in the other. On December 6, 1926, he married Edna Bell Worpell and

subsequently she was made beneficiary in each of the policies. During the married life of insured and Edna Bell they both worked and both contributed to paying the premiums on these policies. On November 21, 1930, Edna Bell was divorced from the insured. At that time she was awarded certain real property in Stuttgart, Ark., but this was never conveyed to her. No premiums were paid on these policies after the divorce. At the time of the death of the insured Edna Bell was still the named beneficiary in both policies.

On February 26, 1932, insured married Zara Worpell. She was his wife at the time of his death. On June 13, 1935, insured took his own life. At the time his body was found there was a letter from the insurance company bearing the date of February 28, 1931, lying by his body, advising him that both policies had paid-up insurance which would keep them in effect until November 25, 1937. At the bottom of that letter he had written under the date of June 13, 1935:

"Please change beneficiary to Mrs. Zara Worpell."

This notation was signed "John C. Worpell," which is the name of insured. This letter was never mailed, but was found on his desk when his body was found. Each of the policies contained the following provision:

"The beneficiary may be changed as often as desired, and such change shall take effect on receipt at the home office of the company, before the sum insured or any installment thereof becomes due, of a written request accompanied by the policy for endorsement. If any beneficiary dies before the insured, the interest of such beneficiary shall vest in the life owner alone unless otherwise provided herein."

On the Saturday following the death of insured the agent of Zara Worpell presented to Edna Worpell the letter of the insurance company which has been spoken of. He asked Edna Bell to execute the assignment which he had prepared transferring her interest in the insurance policies to Zara. There is some dispute in the record as to what this agent told Edna Bell. This will be noticed presently. The insurance company refused to accept this assignment and later an attorney for Zara asked Edna Bell to execute another assignment. She testified at the trial that she in the meantime had learned what the policies were worth and refused to execute the second assignment. Later the attorney of Edna Bell notified the insurance company not to act upon the assignment of June 15. The

insurance company did not act upon this assignment but paid the money into court and asked the court to find to whom it should be paid. Edna Bell Worpell and Zara Worpell are each made defendants in this action. Edna Bell pleaded that she was the beneficiary under the policies; that she had helped pay the premiums; that no premiums were paid after the divorce. She also pleaded that she was suffering from the shock of the death of insured when Watt presented the assignment to her, and that he represented to her that the amount of the policies was not more than five or six hundred dollars, when in fact there was two thousand dollars due on the two policies, and but for this representation she would not have executed the assignment of June 15. She asked that she be paid the amount of the policies.

Zara Worpell pleaded the execution and delivery of the policies; that they were still in force at the time of the death of the insured and that she had made proof of death. She pleaded paragraphs 2 and 3 of the insurance policies, which are as follows:

"2. During the lifetime of the insured, the right to receive all cash values, loans and other benefits accruing hereunder, to exercise all options and privileges described herein and to agree with the company to any change in or amendment to this policy shall vest alone in the insured (herein called the life owner), subject, however, to any assignment of said life owner.

"3. The beneficiary may be changed as often as desired, and such change shall take effect on receipt at the home office of the company, before the sum insured or any installment thereof becomes due, of a written request accompanied by the policy for endorsement. If any beneficiary dies before the insured, the interest of such beneficiary shall vest in the life owner alone unless otherwise provided herein."

She further pleaded that insured had the sole right to change the beneficiary under the above clause. She pleaded also on the 13th of June, 1935, insured changed the beneficiary in writing in each of the policies. She further pleaded the execution of the writing on the letter which was found by the body of insured, and that insured intended by that writing to change the beneficiary from Edna Bell to Zara and by that act made the policies payable to Zara. She further pleaded a demand upon the insurance company to pay the amount of the policies and that the insurance company had paid money into court. She then pleaded the execution of the assignment by Edna Bell Worpell, which has been referred to heretofore. She pleaded that Edna Bell Worpell had no right in the policies and asked that the amount due be paid to her. She fur-

ther pleaded that the insurance company waived the provisions in the policies providing how the changes of beneficiary should be made when it paid the money into court. With the issues thus made up the court found about as the facts have been given here.

Findings 9 and 10 were as follows:

"9. On June 15, 1935, Edna Bell Worpell made a written assignment of her interests in said policies, which she later repudiated.

"10. Both women then laid claim to the proceeds of both policies. The insurance company impleaded and voluntarily paid the sum of $2,099.16 to the clerk of this court and both policies were delivered to the insurance company."

The court made the following conclusions of law:

"1. At his death, John Chester Worpell was the owner of both said insurance policies and had a right to change the beneficiary of either or both policies subject to the terms thereof and the approval of the company.

"2. The impleading and paying the proceeds of said policies into court amounted to a waiver of any objection to such change of beneficiaries above noted and constituted a confirmation thereof.

"3. That the proceeds of both policies belong to defendant, Zara Worpell.

"4. The court holds in abeyance rendering judgment and requires counsel for both parties defendant to appear in court on Saturday, June 6, 1936, to lodge any objection to any finding of fact and conclusion of law."

On a motion to modify and change the findings of fact the court made the following findings:

"That there was no mistake, fraud or misrepresentation of any kind on behalf of Zara Worpell or any of her agents to induce Edna Bell Worpell to sign the assignment. That the defendant, Edna Bell Worpell did transfer and give whatever interest she might have in said insurance policies and the proceeds therefrom to the defendant, Zara Worpell."

Judgment was entered awarding the amount of both policies to Zara Worpell. It will be noted that it is not clear whether the court made the conclusion of law that Zara Worpell was entitled to the proceeds of the policies on the theory of the attempted change in beneficiary or on account of the written assignment of June 15. However, the findings made by the court on the motion to modify the findings make it appear that perhaps the court had both ideas in mind. We shall first consider whether the writing on the bottom of the letter which was placed there June 13, 1935, operated to change the beneficiary. It will be noted that the policies provided how changes in beneficiary might be made. As it lay there on the desk by the dead body of insured we are safe in saying that it had no force and effect. We must examine, however, the ques-

tion of whether it had the effect of changing the beneficiary after the insurance company took the procedure it did take to find out to whom it should pay the policies, that is, Did the insurance company waive the provision in the policies that a beneficiary could only be changed by a written request accompanied by the policy, the request being forwarded to the home office of the company by filing this action and paying the money into court? It must be remembered that what Zara claimed was a waiver by the company of that provision took place after the death of insured.

In the case of *Hurd v. Insurance Company*, 106 Kan. 45, 186 Pac. 998, the policy had a provision similar to the policies in this case. The insured attempted to change the beneficiary but at the time of the attempted change the policies were lost. The company required him to give a bond for the policies and while correspondence with reference to giving this bond was going on the insured died. The court held that even though the insured had made the request that the beneficiary be changed this change had not been made during the life of the insured and since it was not finally consummated until after his death it was of no effect whatever. The decision in this case turns upon the question of whether the necessary steps had been taken to effect the change before the death of insured.

To the same effect is the holding of this court in the case of *Hoffman v. Federal Reserve Life Ins.* Co., 123 Kan. 554, 255 Pac. 980. There the insured had a policy in which her husband was named as beneficiary. Later they separated and when insured died she left a note stating that she had some insurance and that she hoped her parents would be able to collect it. It was claimed that this operated to change the beneficiary so that her parents could collect it. The court dealt briefly with this contention by holding that such a note did not meet with the requirements of the policy with reference to change of beneficiaries.

It has been held the rights of the beneficiary vest upon the death of the insured and the company may not waive the right which the beneficiary had after the death of the insured.

See *Freund v. Freund*, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283. To the same effect is the holding of the court in the case of *New York Life Ins. Co. v. Murtagh*, 137 La. 760, 69 So. 165.

We have concluded that nothing the insurance company did after the death of the insured operated to waive the requirement in each

of the policies and that the change of beneficiary could only be made by substantial compliance with the provision in the policy.

Zara Worpell next argues that the assignment of June 15, 1935, operated to convey all the interests of Edna Bell in the two policies to Zara. It will be noted that the trial court found that this assignment was made but that Edna Bell later revoked it. It will also be noted that the court found there was no mistake when Edna Bell executed this assignment, but the court did not find, as appears from the record, that there was any consideration given by anybody to Edna Bell Worpell in return for her execution of this assignment. It is also worthy of note that the court refused to find Edna Bell Worpell intended to transfer whatever interests she had in the policies to Zara. This assignment was a gift on the part of Edna Bell Worpell to Zara. We have concluded that she had a right to revoke this gift subsequently. The refusal of the court to find that Edna Bell Worpell intended to transfer all her rights in these policies to Zara amounts to a finding that she did not so intend.

The insurance company did not act upon this assignment, hence it never became effective. The best evidence of what was told Edna Bell at the time she executed this assignment was the testimony of the agent of Zara herself that there was between $1,050 and $2,000 due on the policies. Edna Bell testified that she was told there was only five or six hundred dollars due on them. This shows a mistake on the part of all parties of nearly half of the whole amount.

We have concluded that the record is such as to require us to hold that there was such a mistake on the part of Edna Bell when she executed this assignment that she had the right to revoke it. This holding is sustained by *In re Clark's Estate,* 253 N. Y. Supp. 524, and 2 Pomeroy's Equity Jurisprudence, 4th ed., § 870. The conclusion of law reached by the trial court that the proceeds of both policies belonged to Zara Worpell was incorrect.

The judgment of the trial court is reversed, with directions to enter judgment for defendant, Edna Bell Worpell, holding her to be entitled to the proceeds of both policies.