## EQUITABLE LIFE INS. CO. OF IOWA v. DINOFF et al.

### No. 3110.

District Court, D. Kansas, Second Division.
July 28, 1947.

W. E. Stanley (of Depew, Stanley, Weigand, Hook & Curfman), of Wichita, Kan., for plaintiff.

Wm. P. Thompson (of Hershberger, Patterson, Hook & Jones), of Wichita, Kan., for defendant and another.

W. A. Kahrs (of Cowan, Kahrs, & Nelson), of Wichita, Kan., for defendant Betty Jo Ward.

VAUGHT, District Judge.

The plaintiff has brought this action of interpleader under Rule 22(1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

On June 27, 1936, the plaintiff issued a policy of life insurance to Raymond F. Ward for $6,000. The beneficiaries named were Opal Ward, wife of the insured, if living, otherwise Norma E. Ward, daughter of the insured. The policy was rewritten on January 15, 1937 and reduced to $4,000, the beneficiaries remaining the same. On March 4, 1944, the insured changed the beneficiary to his daughter, Norma E. Ward, with directions for settlement, which were endorsed on the policy. On March 15, 1946, the insured caused to be prepared the following instrument in writing and mailed it to the plaintiff:

"Revoking hereby any previous designation which may be inconsistent herewith, I direct that the insurance under Contract No. 594646 issued by Equitable Life Insurance Company of Iowa, upon my life, be paid, in the event of my death (subject to the provisions of said contract and in accordance with the terms thereof), to my executors, administrators, or assigns. And the right is reserved, subject to the consent of the Company, to revoke this designation, and to nominate a new beneficiary.

"In Witness Whereof, I have hereunto subscribed my name this 15th day of March, 1946, at Watertown, In the State of New York.

Raymond F. Ward  L. S.

In the Presence of
Roswell W. Rivers of Watertown, N. Y.
Jean E. Wright    of Watertown, N. Y.

The Equitable Life Insurance Company of Iowa Hereby Consents to the Change of Beneficiary Herein Set Forth."

This instrument was received by the plaintiff at its home office March 27, 1946, and on April 5, 1946, one day after the death of the insured, the plaintiff wrote the said Raymond F. Ward, the following letter:

"We received the form signed by you in which you revoke any previous designation, and change beneficiary to your Executors, Administrators or Assigns, and we submitted it to our Home Office.

"The Company does not wish to accept the form submitted, and we enclose herewith our regular change of beneficiary form in favor of your Executors or Administrators.

"Please date and sign the form in duplicate in the presence of a disinterested witness and return both copies to our office. Upon receipt of this form we shall secure your policy from Mr. Vermillion and send it to the Company for completion.

"A self-addressed envelope is enclosed for your convenience."

The parties have stipulated the facts surrounding the entire transaction, paragraph 7 thereof reading as follows:

"That subsequently, and on or about the 15th day of March, 1946, said insured, Raymond F. Ward executed an instrument, in writing, purporting to revoke the previous designation of beneficiary and directing payment of the proceeds of said policy to the executors, administrators or assigns of said insured; that said instrument was prepared at the request of the insured by the law firm of Giles, Fuller & Goodwin of Watertown, New York; that a copy of said instrument is attached to the complaint herein and marked Exhibit 'B'; that the insured at said time was in Watertown, New York, seriously ill, and that the policy of insurance herein involved was in the possession of the Union National Bank at Wichita, Kansas; that said instrument marked Exhibit 'B' was received by this plaintiff at its home office on March 27, 1946, and on April 5, 1946, this plaintiff forwarded to said insured, Raymond F. Ward, at Watertown, New York, its Company forms for execution by him; that said forms were enclosed in a letter from the plaintiff, likewise dated April 5, 1946, a copy of which is attached hereto, marked

Exhibit 'C', and made a part hereof; that the said insured, Raymond F. Ward, had died on April 4, 1946, previous to the time that said forms were sent him by the plaintiff; that the Company forms sent him under date of April 5, 1946, were never executed by Raymond F. Ward and the policy of insurance likewise was not delivered by the said Raymond F. Ward to the plaintiff."

The plaintiff alleges that the defendant Opal Ward Dinoff, as guardian of Norma E. Ward, a minor, has filed a claim for the proceeds of the policy and that the defendant Betty Jo Ward, as executrix of the last will and testament of Raymond F. Ward, deceased, has also filed a claim for the proceeds of the policy. That the plaintiff does not know whether the request for change of beneficiary is effective and valid; that it cannot determine which of the defendants is entitled to the proceeds of the policy; and that for the purpose of being relieved of double liability, it has paid the proceeds of the policy into the registry of the court. It demands that the defendants be required to interplead and have the court settle their rights to the proceeds of the policy. The defendants have each answered and each claims the proceeds of the policy.

The policy contains the following provision concerning change of beneficiary: "If the right to change the beneficiary has been reserved, or in case the beneficial interest of a beneficiary having a vested interest has been assigned to or vested in the Insured, the Insured may, at any time, subject to the rights of any assignee, designate a new beneficiary with or without reserving the right of revocation, by filing written notice thereof at the Home Office of the Company. Such change shall take effect only upon its endorsement on the policy by the Company at its Home Office but upon such endorsement the change will relate back to, and take effect as of, *the date the Insured signed said written notice of change whether the Insured be living at the time of such endorsement or not,* but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office. * * *" (Emphasis supplied.)

It will be observed that this provision contains two sentences. The first completely covers what is necessary for the insured to do to effect a change of beneficiary in the policy. "The insured may at any time * * * designate a new beneficiary * * * by filing a written notice thereof at the Home Office of the Company." There is nothing in the provision that requires the insured to file any particular form of notice or to deliver his policy with the notice. The second sentence of the provision is wholly for the protection of the company and the beneficiary originally named has no concern with it, if the insured has done everything reasonably within his power to accomplish the purpose, leaving only ministerial acts to be performed by the insurer.

In Bradley v. United States et al., 10 Cir., 143 F.2d 573, 576, the court said: "* * * It is the generally accepted rule in cases involving policy provisions for change of beneficiary, that if the insured has manifested a desire and intent to change the beneficiary of his insurance, and has done everything reasonably within his power to accomplish this purpose, leaving only ministerial acts to be performed by the insurer, courts of equity will treat as done that which ought to be done, thereby giving effect to the intent of the insured. (Citing numerous authorities.) * * *"

In Collins v. United States et al., 10 Cir., 161 F.2d 64, 68, decided March 17, 1947, the court cited the Bradley case, supra, and said:

"Here we have more than the expressed intent of the insured to change the beneficiary. We have positive and affirmative action on his part. The insured did everything that was necessary on his part to evidence a change in beneficiary. He obtained the particular form required by the regulation. He had a civilian employee whose duty it was to assist him to fill out the form as required, and signed it. Nothing remained for him to do in order to authorize the insurance company

to make the change as soon as the notice came to its attention. *The only other thing that remained was to bring the executed change to the attention of the insurance company, and have it record the change of beneficiary on its records.*

"* * * The books are replete with cases holding that a valid change of beneficiary was effected although the application for such change was not received by the company until after the death of the insured, and *that is so even in cases in which the policy contained a specific provision that the change in beneficiary should not become effective until it had been endorsed by the company in the home office.*" (Emphasis supplied.)

In the case at bar the insured, seized by a grave illness from which he did not recover, had the instrument prepared in exact compliance with the provisions of the policy. He caused it to be conveyed to the home office. It was duly received several days prior to his death. The only thing that remained to be done was the endorsement on the policy. The policy was in the bank at Wichita, Kansas, where an agency of the company was located. The company knew where it was and in its letter of April 5, enclosing a form it desired used, stated: "upon receipt of this form *we shall secure* your policy from Mr. Vermillion and send it to the company for completion." We do not have the benefit of the communication accompanying the instrument designating the new beneficiary but it is fair to assume that directions by the insured were given as to the location of the policy and how it could be obtained for endorsement of the change of beneficiary, and the company through its agent volunteered to perform this service.

As to the second sentence in the provision of the policy, all the authorities are in accord concerning it, so far as our research shows.

■ In Equitable Life Assurance Society, Etc., v. Baumgardner, D.C., 55 F.Supp. 985, 991, in passing upon the provision the court said: "The provision of the policy that change in beneficiary should take effect only upon its indorsement on the policy by the Society is a provision made for the benefit of the company itself, and being for the company's benefit, the provision is one which may be waived by it, when, as here, the circumstances are such that the beneficiary has acquired no vested interest in the policy. (Citing authorities.)"

In Prudential Insurance Company of America v. Moore et al., 7 Cir., 145 F.2d 580, 583, where the provision was almost identical with the one in the instant case, the court said:

"The language of the policy in the instant case logically favors a construction favorable to appellee. The first sentence is clear and grants to the insured the absolute right to change the beneficiary. The second sentence, read in the light of the unqualified grant of the first sentence, must be viewed as the requirement of a ministerial act, the non-performance of which will not defeat the insured's absolute right to change the beneficiary.

"The company could not refuse consent to insured's application for a change and thus defeat insured's absolute right. If it cannot defeat a change by nonconsent, it follows that it cannot defeat the change by nonaction or delayed action. * * *"

In a leading case, Sun Life Assurance Company of Canada v. Williams et al., 284 Ill.App. 222, 1 N.E.2d 247, 248, the court discussed the principal as follows:

"This construction seems to us in accord with reason. The designation of a beneficiary in the first instance is left to the exclusive wish of the insured; the insuring company is not concerned, except to be informed of the name of the beneficiary; where the right to redesignate the beneficiary is reserved in the policy, the insuring company is no more concerned than in the first instance; the change is not conditioned upon the consent of the insurer; the change, so far as any beneficiary is concerned, is effected when the insured in due form makes the change; the indorsement by the insuring company merely registers the name of the new beneficiary.

"This construction of the provision disposes of any question of a vested interest in the first named beneficiary. When the

beneficiary is redesignated by the insured, all interest of the prior beneficiary is terminated.

"The written indorsement may be waived by the company, but the indorsement on the policy registers the intention of the company to recognize the new beneficiary, and where, as here, the company makes no defense as to liability, but by interpleader brings the money into court, it makes a further recognition of its duty to make the indorsement as requested by the insured."

In Northern Life Insurance Company v. Burkholder et al., 131 Or. 537, 283 P. 739, 744, the Supreme Court of Oregon said:

"Not only by the mere fact of bringing the money into court has the company waived the requirements of its policy in regard to consent, et cetera, but it has used language in the complaint indicating an intent to expressly waive these requirements. In addition to the language already quoted in the statement, the complaint contains the following:

" 'That as between said defendants this plaintiff is wholly neutral and there is no collusion between this plaintiff and either or any of the defendants, and this plaintiff with this, its complaint, pays into this court the sum now due on said policy, to wit: the sum of two thousand nine hundred and 95/100 dollars ($2,900.95), the same to be held by this court and paid in accordance with the final determination of this cause.'

"* * * It is true that he did not follow the technical method prescribed by the policy, but this method was for the benefit or convenience of the company, and, so far as this old line insurance company was concerned, the indorsement upon the policy by the president or secretary would have been a purely ministerial act, which they could not legally have refused, and which requirement the company waived as heretofore shown."

In New England Mutual Life Insurance Company v. Reid et al., D.C., 263 F. 451, 453, the court stated: "Does the money belong to the widow or the sister? During the lifetime of the insured, the sister had no substantial interest in the policy. Cohen, Trustee, v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143. The Company did not reserve any volition to itself. It was bound to indorse upon the policy any change which the insured in writing requested it to make. The proviso that the substitution should not take effect until such indorsement is made is for the protection of the Company. It does not ask for it."

■ Counsel for defendants Opal Ward Dinoff, guardian of Norma E. Ward, a minor, and Norma E. Ward, a minor, contend that the contract is a Kansas contract and should be governed by the Kansas decisions. To this we agree. They cite a number of Kansas decisions which are quite clearly distinguishable when the facts as stipulated are considered.

In the case of Aetna Life Insurance Company v. Worpell et al., 145 Kan. 166, 64 P.2d 11, 12, the provision in the policy differs in language from the provision in the case at bar. It reads: "The beneficiary may be changed as often as desired, and *such change shall take effect on receipt at the Home Office of the company,* before the sum insured or any installment thereof becomes due, of a *written request accompanied by the policy for endorsement.* * * *" (Emphasis supplied.)

The insured took his own life on June 13, 1935. At the time his body was found, lying on the desk by it, was a letter from the insurance company bearing date of February 28, 1931, advising him that his policies had a certain paid-up value to November 25, 1937. At the bottom of this letter the deceased had written the date June 13, 1935, with the notation: "Please change beneficiary to Mrs. Zara Worpell," signed "John C. Worpell." The letter or policies were never mailed to the Company. Obviously the deceased did not substantially comply with the provisions of the policy. In so holding, the court said: "* * * We shall first consider whether the writing on the bottom of the letter which was placed there June 13, 1935, operated to change the beneficiary. It will be noted that the policies provided how changes in beneficiary might be made. As it lay there on the desk by the dead body of the insured, we are safe in saying that

it had no force and effect. * * *" It having no force or effect, at the date of the death of John C. Worpell, the beneficiary named in the policies immediately became vested with an interest. The court so recognized that interest in these words: "It has been held the rights of the bene-ficiary vest upon the death of the insured and the company *may not waive the right which the beneficiary had after the death of the insured.*" (Emphasis supplied.)

The distinguishing feature in this case and the instant case is the fact that in the case at bar the insured complied, not only substantially, but literally, with the provision in his policy.

In the case of Hoffman v. Federal Reserve Life Insurance Company, 123 Kan. 554, 255 P. 980, 981, there is a similar situation. The policy in that case contained this provision: "The insured may, at any time and from time to time, change the beneficiary, subject, however, to the rules of the company regarding assignments and change of beneficiaries. Every change must be made *by written notice to the company at its home office accompanied by this policy for indorsement of the change hereon* by the company, and unless so indorsed the change shall not take effect." (Emphasis supplied.)

Here the insured committed suicide. In the room was found the following note in her handwriting: "Dear Mama & Papa: Life is too much. There well (sic) be some insurance that I hope you will be able to colect. (sic) Ruby. What is to be well (sic) be." Obviously here, too, there was no substantial compliance with the provision of the policy, and the court very properly held there was no change of beneficiary.

Counsel also cited Hurd v. Penn Mutual Life Insurance Co. et al., 106 Kan. 45, 186 P. 998, as in point. The provision for change of beneficiary is not set out in the opinion and we have no way of comparing the provision in that policy with the provision in the policy in the case at bar. Complications arose upon the application for change of beneficiary. The insured did not send in his policy because it was lost. The company very properly required a bond to indemnify it in case it paid out on the policy wrongfully. The bond was not executed by the insured and during negotiations concerning the giving of a bond, the insured died. The negotiations were never completed, thus the change was not effected. In view of the facts in the instant case, this case is not in point.

 It is therefore the opinion of the court that the insured substantially complied with the provision of the policy to effect a change of beneficiary, and that the proceeds of the policy are payable to the defendant Betty Jo Ward, executrix of the last will and testament of Raymond F. Ward, deceased.

▮ Plaintiff's attorneys have done more than the mere filing of a petition in interpleader in this case, all of which has been disclosed to the court. A fee of $300 will be allowed attorneys for the plaintiff.

Findings of fact, conclusions of law and a form of judgment consistent with this opinion may be submitted within ten days from this date.