537 So.2d 1381 (1989)
WORLD SERVICE LIFE INSURANCE COMPANY, Petitioner,
v.
Eleanor V. BODIFORD, etc., Respondent.
No. 72631.
Supreme Court of Florida.
February 16, 1989.
Deborah M. Overstreet of Burke & Blue, P.A., Panama City, for petitioner.
Michel L. Stone of Stone & Sutton, P.A., Panama City, for respondent.
McDONALD, Justice.
We granted review of Bodiford v. World Service Life Insurance Company, 524 So.2d 701 (Fla. 1st DCA 1988), because of conflict with Miami Children's Hospital v. Tamayo, 529 So.2d 667 (Fla. 1988). The issue is whether Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), wherein we stated "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client," is applicable to contingent-fee contracts made prior to 1985. In Tamayo we held that Rowe is applicable to such contracts.
Bodiford's counsel recognizes our holding in Tamayo, but argues that the trial judge miscalculated his fee under his contingent-fee contract by claiming that the attorney's fee percentage should be based on the amount of the insurance, plus interest and plus the award of attorney's fees. We reject this argument. Counsel's percentage fee is determined by the amount of principal coverage, plus interest. He is not *1382 entitled to add statutory attorney's fees to the principal and claim a percentage of this total.
The decision of the first district reversing the trial judge is therefore quashed. The cause is remanded with directions to approve the final judgment entered in this cause.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.