PER CURIAM.
An anesthesiologist appeals from an adverse judgment and an award of attorney’s fees in a medical malpractice case. We reject all the appellant’s claims with reference to the malpractice judgment and affirm that award. However, we reverse the award of attorney’s fees for the following reason.
The jury awarded damages of just over one million dollars. A post-trial attorney’s fee hearing was held pursuant to section 768.56, Florida Statutes (1983) (repealed Ch. 85-175, § 43, Laws of Fla.). The trial court awarded a fee of $750,000. However, the unambiguous provisions of the contingency fee agreement between the •client and the attorney limited the fee to forty percent of the recovery.
Because of the existence of this contingent fee agreement, it was error for the court to award a fee which exceeded the fee agreement reached between the attorney and his client. Miami Children’s Hosp. v. Tamayo, 529 So.2d 667 (Fla.1988); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); see Perez-Borroto v. Brea, 544 So.2d 1022 (Fla.1989); World Serv. Life Ins. Co. v. Bodiford, 537 So.2d 1381 (Fla.1989).
Affirmed in part, reversed in part, and remanded.