577 So.2d 642 (1991)
Delmar W. PENDLEY, As Personal Representative of the Estate of Audrey Lee Pendley, Deceased, Appellant,
v.
SHANDS TEACHING HOSPITAL AND CLINICS, INC., Appellee, and David M. Anderson, Cross-Appellee.
No. 90-00367.
District Court of Appeal of Florida, First District.
March 27, 1991.
Rehearing Denied May 3, 1991.
*643 Craig F. Hall of Hall & Hall, P.A., Gainesville, and William C. Gentry and P. Scott Russell, IV, of Gentry and Phillips, P.A., Jacksonville, for appellant.
Timothy W. Volpe of Smith & Hulsey, Jacksonville, for appellee.
David M. Anderson, cross-appellee, pro se, Gainesville.
BOOTH, Judge.
This cause is before us on appeal from a final judgment awarding attorney fees to a successful medical malpractice plaintiff and a final judgment taxing costs in favor of a discharged attorney. Plaintiff/appellant argues that the trial court erred: (1) in limiting its award of attorney fees to 40 percent of the damages awarded by the jury; and (2) in awarding certain costs to plaintiff's former counsel. We affirm the second issue without discussion and, consequently, turn to the first.
Pursuant to jury verdict, appellant was awarded damages in the amount of $594,200. After trial, appellant moved for an award of attorney fees under § 768.56, Fla. Stat. (1983), which provides for an award of reasonable fees to the prevailing party in a medical malpractice action. The trial court found that $378,097.50 would be a reasonable fee, and appellee does not contend that this finding is unsupported by the evidence.[1] The trial court, however, found that under the agreement between appellant and counsel, the award of attorney fees should be limited to 40 percent of the damage verdict and, accordingly, awarded $237,680.
The fee agreement originally provided that any court-awarded attorney fees would be added to the damage verdict and that appellant's counsel would receive 40 percent of the resulting sum. During the hearing on appellant's motion for fees, the trial court expressed concern about the propriety of this agreement, suggesting that the agreement could operate to allow the client to receive part of the fee awarded by the court if this fee was high in relation to the damage verdict. In response, appellant and his counsel executed an addendum to the agreement, which provided in pertinent part:
1. In the event that the trial court should determine that an award of reasonable attorneys' fees to plaintiff ... can only inure to the benefit of plaintiff's counsel, the undersigned client and counsel hereby agree that any reasonable fee *644 determined by the court ... shall be paid to plaintiff's attorneys and shall not be aggregated with the verdict... .
2. To the extent the fee awarded by the court ... exceeds 40% of the verdict ... then such fee shall be our attorneys' fee... .
3. In the event any court-awarded reasonable fee .. . is less than the percentage of the verdict stated in paragraph 2 above, then our attorneys shall be entitled to an attorneys' fee based upon the above-stated percentage of the verdict, and the fee awarded by the court will be applied to such fee so as to reduce the amount of attorneys' fee paid by client... .
The trial court accepted the addendum into evidence but found that the fee should be limited to 40 percent of the damage verdict despite any language in the contract and addendum to the contrary.
We need not discuss the legal effect of the agreement in its original form because the addendum modified the agreement to provide that appellant's counsel was entitled to either a reasonable fee determined by the court or 40 percent of the damage verdict, whichever was the greater. Under agreements of this type, the trial court's award of a reasonable fee should not be limited to the contingent percentage stated in the contract. Florida Patients Compensation Fund v. Moxley, 557 So.2d 863, 864 (Fla. 1990); Kaufman v. MacDonald, 557 So.2d 572, 573 (Fla. 1990); Inacio v. State Farm Fire and Casualty Company, 550 So.2d 92, 96 (Fla. 1st DCA 1989); Tallahassee Memorial Regional Medical Center v. Poole, 547 So.2d 1258, 1260 (Fla. 1st DCA 1989).
Accordingly, the final judgment awarding attorney fees is reversed, and this cause is remanded with instructions to award what the court has determined to be a reasonable fee.
MINER, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Appellant presented extensive expert testimony indicating that this case presented extraordinary problems, making recovery difficult. These problems include, first, that Shands has historically been vigorously defended by good counsel. Second, decedent was a Jehovah's Witness, who in accordance with the tenets of her religion, refused to accept medical treatment involving the use of blood products. Third, at the time the decedent entered Shands for treatment, she had filed a petition for dissolution of marriage. Fourth, the actions of appellant's former counsel appeared to have doomed the case. Specifically, counsel allowed the statute of limitations to run as to the Board of Regents and failed to conduct effective discovery. Fifth, the case was complex insofar as the type of negligence involved and required appellant's counsel to educate the jury about a complex medical problem. Sixth, and finally, the case involved a serious agency issue which is the subject of Shands' appeal in this court's case number 90-270. Appellant's expert testified that only 15 to 20 lawyers statewide were capable of successfully handling the case, and any attorney who evaluated the case purely on the basis of economics would have turned the case down. Accordingly, the Florida Patients' Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), multiplier of three was appropriate.