ON MOTION FOR CLARIFICATION
FERGUSON, Judge.
Jacques and Debra Lugassy filed a claim for loss of personal property with their insurer, Independent Fire Insurance Company, after their home and its contents were destroyed by fire. The insurer denied the claim asserting that the loss was caused by the Lugassys’ arson and not covered under the policy. This lawsuit was brought for loss benefits totalling $135,000. A jury found in the Lugassys’ favor, and awarded $67,250.60 to which the court added $31,956.60 in prejudgment interest.[1] Pursuant to section 627.428, Florida Statutes (1991), the trial court awarded $315,-879.80 in attorney’s fees and $11,912.96 in costs. This appeal is from the order awarding costs and fees.
Independent’s principal contention on appeal is that the award of fees in a sum which exceeded the fee agreement between the Lugassys and their lawyers was impermissible. We agree and reverse. The facts relating to the fee agreement are as follows.
In 1986, the Lugassys entered into a retainer agreement with attorney Milton M. Ferrell, Jr. . The agreement provided that Ferrell would be paid on a contingency basis and the total fee due Ferrell would not exceed 45 percent of any recovery.
The law firm of Friend & Fleck and attorney David Mishael later appeared as additional counsel. No retainer agreement was entered into regarding new counsel. In November 1989, the case went to trial. After the jury retired to deliberate a verdict, a discussion allegedly took place between the Lugassys and their attorneys about the previously agreed-upon fee arrangement. On the Monday following the successful jury verdict, attorney Mishael and the Lugassys signed a letter memorializing their attorneys’ fee discussion. The letter provided:
As you know we had a discussion today while the jury was out, referable to the retainer agreement concerning this action.
As I reminded you in our discussion, the Court, by virtue of Florida case law can, and should, award attorneys’ fees should we prevail. You indicated during our conversation that you understood our initial contract and the intent of that contract to allow for recovery by Friend & Fleck and Ferrell, Williams, P.A. of such court awarded attorneys’ fees in lieu of the percentage fees. I wanted to reiterate our intent and understanding and reconfirmation of this intent this afternoon.
To the extent that this letter modifies, in any way, shape, or form our existing fee contract, the contract is heretofore so modified. Please sign this letter confirming the intent of our agreement as stated above.
At a post-trial hearing on attorney’s fees, counsel for Independent argued that the parties were bound by the fee agreement established in the Authority to Represent. The trial court agreed that the Authority to Represent clearly set the contingency percentage as the maximum awardable fee, but ruled that the letter written after the jury had reached its verdict had retroactively changed or modified the terms of the Authority to Represent. The court con- *53 eluded that the post-verdict letter had eliminated the cap on fees previously established by the retainer agreement-and justified the higher award. We disagree.
In making an award of attorney’s fees under section 627.428, Florida Statutes (1991), the trial court is not free to exceed the fee agreement stipulated to by the prevailing party and his attorney. See Lane v. Head, 566 So.2d 508 (Fla.1990); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Government Employees Ins. Co. v. Robinson, 581 So.2d 230 (Fla. 3d DCA1991), rev. denied, 595 So.2d 557 (Fla.1992). Although the parties were free to fashion an employment agreement which permitted the court to award a reasonable fee in excess of the contingency fee, see e.g., Florida Patient’s Compensation Fund v. Moxley, 557 So.2d 863 (Fla.1990); Kaufman v. MacDonald, 557 So.2d 572 (Fla.1990), the parties’ original agreement did not authorize a higher fee. The absence of such a provision doomed a post-judgment claim for a higher fee in Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA1990), rev. denied, 583 So.2d 1036 (Fla.1991). There the fifth district, in limiting attorneys fees to the 45 percent contingency cap set by the attorney-client contract, wrote “there was no additional language in the contract permitting recovery of a reasonable attorney fee, if awarded and if greater than the agreed percentage of the total gross award.... The absence of those three little words is fatal to the [prevailing party’s] position.” Id. at 882. But see Pendley v. Shands Teaching Hosp., 577 So.2d 642 (Fla. 1st DCA.1991).[2]
Under general rules of contract law, parties are free to alter the terms of a retainer agreement, 4 Fla.Jur.2d Attorneys at Law § 139, at 299 (1978), however, new consideration must be given. F.L. Stitt & Co. v. Powell, 94 Fla. 550, 114 So. 375 (1927); In re Estate of Johnson, 566 So.2d 1345 (Fla. 4th DCA1990). With regard to legal services already performed, no new consideration passes between client and attorney and no new detriment is suffered by either. See generally 1A Corbin on Contracts § 175, at 123 (1983) (if a promisor is bound by contract to perform a service at an agreed price, it is generally held that his performance of that duty is not a sufficient consideration for the promisee’s agreement to pay increased compensation). The original retainer agreement set a 45 percent contingency cap on attorney’s fees which, for the foregoing reason, was not effectively altered by the post-trial modification letter.
A separate question presented is whether a prevailing plaintiff under a contract which provides for fees may be compensated an amount in excess of that fixed by the agreement where there was also a successful defense against a counterclaim. In Erickson Enters., Inc. v. Louis Wohl & Sons, 422 So.2d 1085 (Fla. 3d DCA 1982), we held that where a plaintiff is required to prevail on a counterclaim as well as his own claim in order to recover, the fee amount fixed by a contract does not preclude an award of fees for the defense of the counterclaim. See also Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752 (Fla. 3d DCA1990) (reversing the enhancement of lodestar fee and affirming fee award for defense of counterclaim), rev. denied, 576 So.2d 292 (Fla.1991).
The law firm is therefore bound by the Authority to Represent for work performed in the prosecution of the Lugassys’ claim as there was no consideration to support additional compensation. Based on the authority of Erickson and Askowitz, however, the law firm is entitled to a quantum meruit award of fees for work performed on the counterclaim as those services were not contemplated by the Authority to Represent.
*54 Reversed and remanded with instructions to base the fee award on the original retainer agreement and the reasonable value of services rendered in defense of the counterclaim.

. We affirmed that verdict in Independent Fire Ins. Co. v. Lugassy, 593 So.2d 570 (Fla. 3d DCA 1992).

. The Pendley court did not address the issue of the propriety of a post-trial modification of the fee contract to award a fee greater than contemplated by the client and counsel in their agreement where there was no claim or showing of new consideration. In note 1 of the opinion it is clear that a contingent risk multiplier was applied to modify the contract so as to enhance the fee — precisely what this court in Robinson, 581 So.2d at 231, said could not be done. We therefore recognize conflict with Pendley.