636 So.2d 1332 (1994)
Jacques LUGASSY, et al., Petitioners,
v.
INDEPENDENT FIRE INSURANCE CO., Respondent.
No. 80823.
Supreme Court of Florida.
May 19, 1994.
*1333 Evan J. Langbein, North Miami Beach, Richard A. Friend, Friend and Fleck, South Miami and Ferrell, Cardenas, Fertel & Morales, Miami, for petitioners.
Arthur J. Morburger, and Alvin N. Weinstein, Weinstein, Bavly & Moon, P.A., Miami, for respondent.
P. Scott Russell, IV, Jacksonville, amicus curiae for Academy of FL Trial Lawyers.
HARDING, Justice.
We have for review Independent Fire Insurance Co. v. Lugassy, 609 So.2d 51 (Fla. 3d DCA 1992), in which the district court noted conflict with Pendley v. Shands Teaching Hospital and Clinics, Inc., 577 So.2d 642 (Fla. 1st DCA), review denied, 589 So.2d 292 (Fla. 1991). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
This case concerns the propriety of an award of attorney's fees based on a modified fee agreement. Because we hold that parties can modify their attorney's fee agreement up to the time a verdict is reached in the case, we quash the district court's decision in the present case. We also disapprove the decision in Pendley to the extent it concerns a post-verdict modification.
Jacques and Debra Lugassy filed a claim for loss of personal property with their insurer, Independent Fire Insurance Co., after a fire destroyed their home and its contents on December 14, 1985. Independent denied coverage, claiming that the Lugassys' arson caused the loss. Independent also counterclaimed and sought recovery of $198,476.83 paid on the claim to the mortgagee. A jury awarded the Lugassys $67,250.60 at trial in 1989, and the court added $31,956 in prejudgment interest. The jury denied the counterclaim. That verdict was affirmed in Independent Fire Insurance Co. v. Lugassy, 593 So.2d 570 (Fla. 3d DCA 1992), and is not at issue in this case.
The trial court also awarded $315,879.80 in attorney's fees, as allowed by section 627.428, Florida Statutes (1989),[1] and $11,912.96 in costs. The award included $17,450 for reasonable fees for litigating the issue of attorney's fees. This case involves only the award of attorney's fees and costs.
In 1986 the Lugassys entered into an "Authority to Represent" with attorney Milton M. Ferrell, Jr. The contingency fee agreement specified representation only for the claim against Independent or any other party for damages as a result of the house fire. Paragraph (d) of the agreement provided that if the case went to trial, Ferrell would be entitled to a fee of no more than forty *1334 percent of any recovery, plus an additional five percent if an appeal was necessary. The total fee agreement thus would not exceed forty-five percent of any recovery. Paragraph (e) said:
In the event any attorneys' fees are recovered by MILTON M. FERRELL, JR. against Independent Fire Insurance Co. or First Nationwide Savings Bank or any other party, firm or corporation as a result of the representation as described herein, it is agreed that all of such attorneys' fees recovered will be credited to the client hereunder, and the total fee due MILTON M. FERRELL, JR. shall not exceed that specified by paragraph (d) above.[2]
As the case progressed toward trial, attorneys from other firms became involved for the Lugassys. Attorney Richard Friend testified he was hired in early 1987 and talked with the Lugassys a few times about a court-awarded attorney's fee if they prevailed. The Lugassys and their attorneys subsequently had another discussion about fees that was memorialized in a letter dated November 22, 1989, which was the day the jury returned its verdict:
As I reminded you in our discussion, the Court, by virtue of Florida case law can, and should, award attorneys' fees should we prevail. You indicated during our conversation that you understood our initial contract and the intent of that contract to allow for recovery by Friend & Fleck and Ferrell, Williams, P.A. of such court awarded attorneys' fees in lieu of the percentage fees. I wanted to reiterate our intent and understanding and reconfirmation of this intent this afternoon.
To the extent that this letter modifies, in any way, shape, or form our existing fee contract, the contract is heretofore so modified. Please sign this letter confirming the intent of our agreement as stated above.
David Mishael, a lawyer who joined the case in 1989, and the Lugassys all signed the letter. The letter actually was drafted and signed after the jury returned its verdict. Although neither the trial judge nor the District Court of Appeal found as a matter of fact when the discussion took place that led to the letter, State Farm's counsel said during oral argument before this Court that the discussions took place while the jury was deliberating.
At a post-trial hearing on attorney's fees, Independent argued that the fee agreement in the Authority to Represent bound the parties. Independent, 609 So.2d at 52. The trial court found that the initial Authority to Represent set the contingency percentage as the maximum award, but determined that the letter written after the verdict modified the terms of the Authority to Represent. Id. Thus, the trial court ruled, the letter eliminated the cap on fees that the retainer agreement established and justified the higher award. Id. at 53.
The Third District Court of Appeal reversed, holding that the original Authority to Represent limited fees to forty-five percent of the verdict and that the modification letter did not alter that agreement. Id. The court found that although parties may alter the terms of a retainer agreement, new consideration must be given. Id. But, the court found, no new consideration supported the November 22, 1989, modification. Id. However, the court found that the Lugassys' attorneys were entitled to a quantum meruit award of attorney's fees for prevailing in the counterclaim because the original Authority to Represent did not contemplate that litigation. Id.
Independent argues to this Court that the original Authority to Represent caps the fee at forty-five percent of the verdict and that no new consideration was given for the November 22 agreement. Independent argues that it is against public policy to allow a new agreement because it would provide an "after-the-fact windfall" to the insured and his *1335 attorney. The Lugassys contend there was an effective modification supported by consideration. In addition, they cite Pendley, where the First District Court of Appeal allowed an amendment to retainer agreement that was negotiated after a hearing on the attorney's fees issue. 577 So.2d at 644.
We agree with the district court that general rules of contract law allow parties to alter the terms of a retainer agreement as long as new consideration is given. Independent, 609 So.2d at 53. But we do not agree that this case turns on the issue of consideration. Here, the insurance company was neither a party to the contract nor a third-party beneficiary, so it cannot argue that there was a lack of consideration. See Thompson v. Commercial Union Ins. Co., 250 So.2d 259, 262 (Fla. 1971) (third party cannot maintain action on a contract unless the clear intent and purpose of contract is to benefit the third party); see also Stanfield v. W.C. McBride, Inc., 149 Kan. 567, 88 P.2d 1002 (1939). Even if Independent had standing to complain, there was consideration to support the new agreement. By virtue of its timing, the new agreement necessarily included representation in defending the counterclaim, while the original agreement did not cover the counterclaim.
Thus, we hold that because there was appropriate consideration the Lugassys and their attorneys could modify their attorney's fee agreement up to the time the verdict was reached in the case. Here, because there was a pre-verdict oral fee agreement, that agreement would be a valid modification of the original Authority to Represent.[3] The letter memorializing the new agreement clearly contemplated court-awarded attorney's fees in lieu of the percentage fee agreement.
There are exceptions to this rule, such as if the insurance company had in any way relied on the fee agreement between the parties or if the contract was void for traditional reasons such as fraud or overreaching. Neither exception would apply in this case because Independent did not inquire or have knowledge of either fee agreement until after the verdict.
We draw the pre-verdict line because before that point the attorney who negotiates a contingent fee agreement does so based on an uncertain future event. There is no guarantee of recovery before a finding on liability. A pre-verdict line eliminates the possibility of the "after-the-fact windfall" that Independent cautioned against.[4] Consequently, this Court will not approve a post-verdict modification of a fee agreement, as the First District Court allowed in Pendley, 577 So.2d at 643.
The general freedom of parties to form a contract also supports this rule. "Competent persons have the utmost liberty of contracting and when these agreements are shown to be voluntarily and freely made and entered into, then the courts usually will uphold and enforce them." Wechsler v. Novak, 157 Fla. 703, 708, 26 So.2d 884, 887 (1946). This general proposition applies to attorneys and clients entering into a fee agreement because "[a]s between a lawyer and his client the matter of the fee is one of contract between the two... ." Lyle v. Lyle, 167 So.2d 256, 257 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (Fla. 1964), receded from on other grounds by Lafferty v. Lafferty, 413 So.2d 170 (Fla. 2d DCA 1982).
Further, because the new agreement was reached before the verdict, the attorney's fee award in this case is consistent with the purpose of section 627.428, which is "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." Insurance Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla. 1992).
The district court issued an ancillary order granting the Lugassys' motion for appellate attorney's fees. As previously noted, the trial court awarded $17,450 in reasonable *1336 fees for litigating the issue of attorney's fees. In State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla. 1993), this Court held that attorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees, but not for litigating the amount of attorney's fees. This standard should be applied on remand.
Both parties urge this Court to uphold the cost award, which the district court did not address. We also find it unnecessary to address this issue.
Accordingly, we quash the decision below. We remand this cause for further proceedings consistent with this opinion. In addition, we disapprove Pendley to the extent it is inconsistent with this opinion.
It is so ordered.
GRIMES, C.J., and McDONALD and KOGAN, JJ., concur.
OVERTON and SHAW, JJ., dissent.
NOTES
[1] Section 627.428, Florida Statutes (1989), says in relevant part:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[2] During a post-trial hearing on attorney's fees, the Lugassys' attorney proffered testimony that Debra Lugassy understood paragraph (e) to provide that the court could make a reasonable award of attorney's fees if she and her husband prevailed. Ferrell testified that he and the Lugassys understood the award of attorney's fees could be more than the percentage fee described in paragraph (d).
[3] We specifically do not rule on the propriety of an oral contingent fee agreement.
[4] Further, the insurance company is protected against fraud because the court determines what is a reasonable attorney's fee award in the case.