PER CURIAM.
Simkins Industries, Inc. (Simkins), the plaintiff below, appeals from orders awarding trial and appellate attorney’s fees pursuant to Highlands Insurance Company’s (Highlands) offer of judgment. We affirm in part and reverse in part.
We find no error in the trial court’s determination that the defendant’s offer of judgment was made in good faith. See Pacer Tech. v. Lee Pharms., Inc., 737 So.2d 1238 (Fla. 3d DCA 1999); see also *170 Department of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019 (Fla. 3d DCA 1999). Appellant lacks standing to challenge the validity of the fee agreement between Highlands and its counsel. See Lugassy v. Independent Fire Ins. Co., 636 So.2d 1332, 1334 (Fla.1994) (holding that a litigant who was neither a party nor a third party beneficiary to a fee agreement lacked standing to challenge it). Finally, we find no abuse of discretion in the amount of the fee award. See United Auto. Ins. Co. v. Padron, 775 So.2d 372 (Fla. 3d DCA 2000).
On cross appeal we agree with Highlands that the trial court abused its discretion in failing to award reasonable fees for hours billed by Conroy Simberg Ganon when it was hired as co-counsel for trial. Simkins never challenged the number of hours claimed by Conroy Simberg and there is no record evidence supporting the denial of those fees. See Brake v. Murphy, 736 So.2d 745 (Fla. 3d DCA 1999).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.