*337
ON MOTION FOR REVIEW OF POST-MANDATE ORDER AWARDING APPELLATE FEES AFTER REMAND

PER CURIAM.
Appellants, Royal Beige, Belgemar and B.D.M. (“insurers”), along with appellee, New Miami Wholesale, Ine. (“New Miami”), seek review pursuant to Rule 9.400(c), Florida Rules of Appellate Procedure, of a final order of the trial court determining the amount of appellate attorney’s fees to be awarded to New Miami.
The original controversy arose from an action brought by New Miami against the insurers seeking $174,972.00 in damages on a claim for goods lost in transit. Final judgment was entered in favor of New Miami. Thereafter, New Miami was awarded $78,500.00 for attorney’s fees in the trial level.
The insurers appealed the adverse final judgment, and this Court affirmed. See Royal Beige, Belgmar and B.DM. v. New Miami Wholesale, Inc., 810 So.2d 951 (Fla. 3d DCA 2002). This Court further granted New Miami’s motion for appellate attorney’s fees, and remanded the case to the trial court for determination of the fee amount at the appellate level.
On remand, New Miami presented its claim in the trial court for $56,425 in appellate attorney’s fees. The trial court awarded New Miami $37,496.00, finding that the maximum amount recoverable was limited by a contingency fee agreement between New Miami and its counsel. The agreement provided:
Unless otherwise specifically agreed, we will from this date forward perform our legal services in connection with the above-referenced case on a contingency fee basis. The contingency fee, based on recovery shall be one-third of the sum recovered through our efforts. While New Miami Wholesale, Inc. will not be responsible for payment of attorney fees, New Miami Wholesale, Inc. will be responsible for payment of any costs associated with the matter and we will strive to keep any such costs at a minimum. New Miami Wholesale, Inc. will receive monthly invoices for all costs incurred in connection with the case.
The abuse of discretion standard applies to this Court’s review of a judgment or order setting appellate attorney’s fees. See Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282 (Fla. 1st DCA 1997). “As with other discretionary decisions, we must affirm the order of the trial court if reasonable people could differ as to the propriety of the action taken.” Pellar v. Granger Asphalt Paving, Inc., 687 So.2d at 284-85.
We find the trial court properly capped New Miami’s attorney’s fees at one-third of the sum recovered in accordance with the terms of the contingency fee agreement. However, we agree with the insurers that the trial court erred in its calculations as to the amount of the “sum recovered,” for purposes of applying the one-third cap.
The trial judge on remand added the amount of $269,489.00 paid by the insurers, to the trial level attorney’s fee amount awarded of $78,500.00, and found a total “sum recovered” of $347,989.00. As correctly noted by the insurers, it is improper to add statutory attorney’s fees to the principal award for purposes of calculating the percentage due. See World Serv. Life Ins. Co. v. Bodiford, 537 So.2d 1381 (Fla.1989).
In World Serv., the Florida Supreme Court rejected the argument that an attorney fee percentage should be based upon the gross amount received plus the award of attorney’s fees. In so doing, it stated: “Counsel’s percentage fee is determined *338 by the amount of principal coverage, plus interest. He is not entitled to add statutory attorney’s fees to the principal and claim a percentage of this total.” World Serv. Life Ins. Co. v. Bodiford, 537 So.2d at 1381-82; see Foodtown, Inc. of Jacksonville v. Argonaut Ins. Co., 102 F.3d 483 (11th Cir.l996)(attorney’s fees limited to maximum amount set forth in written agreement).
It is well established that a court cannot award attorney’s fees in an amount that exceeds the fee agreement reached between the attorney and client. See Lane v. Head, 566 So.2d 508 (Fla.1990); Florida Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Gov’t Employees Ins. Co. v. Robinson, 581 So.2d 230 (Fla. 3d DCA 1991). This precept applies to fees awarded in cases involving insurance contracts pursuant to Section 627.428, Florida Statutes (2002), see Independent Fire Ins. Co. v. Lugassy, 609 So.2d 51 (Fla. 3d DCA 1992), quashed on other grounds, Lugassy v. Independent Fire Ins. Co., 636 So.2d 1332 (Fla.1994), as well as appellate attorney’s fees awards, see Arabia v. Siedlecki 789 So.2d 380 (Fla. 4th DCA 2001).
Here, the fee agreement specified that the fees recoverable “shall be one third of the sum recovered through our efforts.” New Miami has recovered and been paid in full the sum of $269,489.00, which represents the original loss amount of $174,972.00, plus prejudgment interest of $69,077.99, and postjudgment interest of $25,438.66. The attorney’s fee award for both the trial work and the appeal is limited to one-third of this amount, pursuant to the terms of the contract.
In sum, in accordance with World Serv. and the above-cited authority, we find the trial court erred in including the award of statutory attorney’s fees in the sum recovered, for purposes of applying the one-third percentage cap. Accordingly, we reverse the award of $37,496.00 in attorney’s fees, and remand with instructions to enter a new order awarding the sum of $11,-329.66 [1] in favor of New Miami.
Reversed and remanded with instructions.

. One-third of the $269,489.00 sum recovered is $89,829.66. Since the insurers have already paid $78,500 in attorney’s fees, the maximum additional amount owed is $11,329.66.