DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AIR QUALITY EXPERTS CORPORATION,**
(a/a/o Brian and Tricia Gerard),
Appellant,

v.

**FAMILY SECURITY INSURANCE COMPANY,**
Appellee.

No. 4D21-2516

[December 7, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; John J. Parnofiello, Judge; L.T. Case No. 50-2020-SC-020899-XXXX-MB.

Yasmin Gilinsky, Christopher Tuccitto and James D. Underwood of Florida Advocates, Dania Beach, for appellant.

Ailene S. Rogers and Dan Hallenberg of Peterson Bernard, Fort Lauderdale, for appellee.

**ON APPELLANT'S MOTION FOR REHEARING,**
**MOTION FOR CLARIFICATION AND MOTION FOR CERTIFICATION**

WARNER, J.

We grant the motion for clarification, deny the motion for rehearing and motion for certification, vacate our prior opinion and substitute the following in its place.

An assignee under a homeowners' property insurance assignment of benefits appeals a final order of dismissal in favor of the insurer. The judgment determined that the assignment of benefits did not comply with section 627.7152(2)(a)4., Florida Statutes (2020), rendering it "invalid and unenforceable" under the statute. Assignee claims that the assignment complied with that section, and under traditional contractual assignment principles, the insurer cannot challenge its validity as it is not a party to

the contract. We affirm, concluding that this assignment did not comply with the statutory provision, because it failed to "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee[.]" Section 627.7152(2)(a)4. Further, the insurer can challenge the assignment based upon the statute expressly declaring an assignment not in compliance with its terms to be invalid.

## Facts

Homeowners, who were insured through appellee insurer, suffered a water damage loss, and signed an assignment of benefits contract ("AOB") with assignee for mold remediation. The AOB included a "Description of Project" paragraph that stated:

> Customer desires to and does hereby engage AQE to provide services and submit invoices for services performed. AQE agrees to furnish and the customer agrees to pay for all of the equipment, supplies, materials, and labor necessary for the PROJECT, at the PROJECT address listed above. *See Standard Price List below. Prices indicated on the Standard Price List may vary and are subject to change depending on the property conditions and services provided.* The scope of work is based on third party protocol and industry standards.

(Emphasis added.). The assignment then set forth a "price list" for mold assessment and "price list" for post remediation assessment in the next two paragraphs that set forth a category of service and the price per room, unit, sample or report issued.[1]

---

[1] 9. PRICE LIST FOR MOLD ASSESSMENT
   1. Visual Inspection of Arca/ Digital Photography $20.00 (per room).
   2. FLIR Assessment of Area/ Moisture Readings $ 40.00 (per room).
   3. Visual Inspection of HVAC Unit/ Digital Photography $ 75.00 (per unit).
   4. Surface Sample/ Lab Results $ 95.00 (per sample).
   5. Air Sample/ Lab Results $ 95.00 (per sample).
   6. Report I Protocol $150.00 (per report issued).

10. PRICE LIST FOR POST REMEDIATION ASSESSMENT
   1. Visual Inspection of Area/ Digital Photography $20.00 (per room).
   2. Surface Sample/ Lab Results $ 95.00 (per sample).
   3. Air Sample/ Lab Results $ 95.00 (per sample).
   4. Clearance Report $150.00 (per report issued).

Assignee performed services and submitted two bills to the insurer. Both bills listed a few of the services from the price list, a "quantity" number which varied, the unit cost, and the total cost.

When the insurer did not pay the bills, the assignee filed suit, attaching the AOB contract and the two invoices to its statement of claim. Insurer then filed a motion to dismiss with prejudice arguing among other things that appellant failed to allege compliance with section 627.7152. Assignee filed an amended statement of claim alleging compliance and included an assertion that it was entitled to an equitable assignment of benefits.

Insurer filed a motion to dismiss the amended statement of claim with prejudice. Insurer argued that the amended statement of claim on its face failed to meet the requirements of section 627.7152(2)(a)4., which provides: "[a]n assignment agreement *must . . . [c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee.*" (Emphasis added). Insurer further argued that lack of compliance prevented enforcement of the assignment, citing section 627.7152(2)(d), which states: "[a]n assignment agreement that does not comply with this subsection is invalid and unenforceable."

Insurer maintained that the price lists attached to the AOB did not satisfy the provisions of the statute. Therefore, it argued that the assignment was "invalid and unenforceable" pursuant to section 627.7152(2)(d). Accordingly, the insurer claimed that the assignee lacked standing, and that the complaint should be dismissed with prejudice.

The assignee filed a response contending that the price list in the assignment was sufficient to meet the requirements of the statute. In addition, assignee argued that insurer did not have the authority to challenge the validity of the assignment on two bases: (1) if the assignment is invalid pursuant to section 627.7152(2)(a)4. then it was voidable rather than void and insurer as an obligor of the claim "cannot seek to invalidate the assignment"; and (2) insurer was not a party to the assignment or in privity of contract with the assignee and thus lacked standing to challenge the assignment's validity.

The trial court granted the motion to dismiss with prejudice. In the order of dismissal, the court concluded that the assignment did not comply with the statute, as the assignment did not include an estimate of services *to be* performed; rather, it listed what services *could be* performed. The court also found that the insurer could raise the invalidity of the assignment despite a lack of privity between the parties because of the mandatory nature of section 627.7152's requirements, the absence of

which made the assignment invalid.  After its motion for rehearing was denied, assignee brought this appeal of the order of dismissal.

## Standard of Review

The standard of review of an order granting a motion to dismiss is de novo.  *Rhiner v Koyama,* 327 So. 3d 314, 316 (Fla. 4th DCA 2021). Statutory interpretation and standing also receive de novo review. *Therlonge v. State,* 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015) (statutory interpretation); *Matthews v. Fed. Nat'l Mortg. Ass'n,* 160 So. 3d 131, 132 (Fla. 4th DCA 2015) (standing).

## Violation of Section 627.7152(2)(a)4.

The trial court found that paragraph 9 of the assignment detailing a price listing for services that "could be performed, absent some indicator of what services actually are estimated to be performed," did not comply with section 627.7152(2)(a)4.  Assignee contends that the trial court erred, because the AOB included a written, itemized, per-unit cost estimate of the services to be performed.

On a motion to dismiss, a complaint's allegations "must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party." *Gann v. BAC Home Loans Servicing LP,* 145 So. 3d 906, 908 (Fla. 2d DCA 2014) (quoting *Fla. Bar v. Greene,* 926 So. 2d 1195, 1199 (Fla. 2006)).  "Any exhibit attached to a pleading must be considered a part of the pleading for all purposes[.]" Fla. R. Civ. P. 1.130(b).  "[I]f an attached document negates a pleader's cause of action, the plain language of the document will control." *Striton Prop., Inc. v. City of Jacksonville Beach,* 533 So. 2d 1174, 1179 (Fla. 1st DCA 1988); *see also K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL,* 48 So. 3d 889, 894 (Fla. 3d DCA 2010) ("It is well settled that the court must consider an exhibit attached to the complaint together with the complaint's allegations, and that the exhibit controls when its language is inconsistent with the complaint's allegations."); *Kidwell Grp., LLC v. United Prop. & Cas. Ins. Co.,* 343 So. 3d 97, 98 (Fla. 4th DCA 2022) (same).  Thus, we must look at the AOB itself to determine whether it complies with the statute.

Section 627.7152 establishes mandatory requirements which an AOB must include to be enforceable.  One of those requirements at issue here is that it must "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee." § 627.7152(2)(a)4.  We have held that "the statute's plain language requires that at the time the assignment of benefits is signed, the assignor must be provided with a list

4

of the itemized services to be performed by the assignee, as well as the costs thereof." *Kidwell Grp.*, 343 So. 3d at 97.

Attached to the AOB in this case was not a list of itemized services to be performed. Instead, a standard price list of the types of services offered by the assignee with their unit price was attached. A "price list" is plainly not a "written, itemized, per-unit cost estimate." *See* § 627.7152(2)(a)4. There was nothing in the attachment which tied the price list to the insured's home so that it could be considered an estimate. For instance, while it appears that many of the services were charged per room, nowhere are the number of rooms involved in the inspection even mentioned so that the homeowner could apply the price list to the number of rooms to get an estimate of the cost. Moreover, the price list was not created specifically to set forth the cost of services for this insured, as is evident from the language used in the AOB identifying the price list:

> See Standard Price List below. Prices indicated on the Standard Price List may vary and are subject to change depending on the property conditions and services provided. The scope of work is based on third party protocol and industry standards.

Thus, the prices did not apprise the insured of the actual estimate for performing any work, as the prices were also dependent on the scope of work based upon unexplained standards.

Rather than providing an estimate of the work or services "to be" performed as required by the statute, the price list was simply a menu of services, or, as it is identified by assignee, a "price list" of work or services that could be performed. Accordingly, the trial court correctly found, looking at only the four corners of the amended claim and its exhibits, that the AOB violated section 627.7152(2)(a)4.

**Standing**

The assignee claims, however, that even if the AOB violated the statutory provisions, the insurer has no standing to contest its invalidity. "Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly." *Hayes v. Guardianship of Thompson*, 952 So. 2d 498, 505 (Fla. 2006). "Thus, standing to bring or participate in a particular legal proceeding often depends on the nature of the interest asserted." *Id.* The insurer turns the standing issue around to state that it is the assignee who lacks standing

to sue, because it cannot as a matter of law enforce an assignment violative of the statute. We agree with the insurer.

Section 627.7152(2)(d) provides that an assignment which does not comply with the terms of the statute is "invalid and unenforceable." Because the assignment failed to comply with the statute, it is invalid. Therefore, the assignee cannot attempt to enforce any claim to insurance proceeds based upon an invalid assignment.

While general contracts are assignable, the general rule does not apply when the assignment violates a statute. *Gables Ins. Recovery Inc. v. Citizens Prop. Ins. Corp.*, 261 So. 3d 613, 619 (Fla. 3d DCA 2018) (citing *Hall v. O'Neil Turpentine Co.*, 56 Fla. 324, 47 So. 609, 612 (1908); *see also Park v. Wausau Underwriters Ins. Co.*, 547 So. 2d 213, 215 (Fla. 4th DCA 1989) (noting the general rule that where a contract is violative of a statute or public policy it will not be enforced by the courts). In *Gables*, the court held that an assignment of benefits contract between an insured and public adjuster was invalid and unenforceable in a suit by the assignee public adjuster against the insurer, because the compensation to the assignee exceeded the amount allowed pursuant to statute. 261 So. 3d at 627. The statute in question in *Gables* stated that a public adjuster's fee could not exceed twenty percent of the amount of an insurance claim. *Id.* at 617. It did not state that any contract would be invalid and unenforceable. Nevertheless, because it violated the statute, the court held that the assignment was unenforceable and allowed Citizens to assert the assignee's lack of standing because of its invalidity. *Id.* at 627.

In this case, the Legislature specifically provided that the penalty for failure to comply with the statutory provisions was the invalidity and unenforceability of the AOB. *See* § 627.7152(2)(d). Consistent with *Gables*, this AOB is unenforceable in this action.

The assignee cites to a federal district court case that denied a motion to dismiss a complaint filed by an assignee under an AOB that did not comply with the provisions of section 627.7152(2). In *SFR Services, LLC v. Indian Harbor Insurance Co.*, 529 F. Supp. 3d 1285, 1295-96 (M.D. Fla. 2021), the court concluded that the meaning of the statute's terms "invalid and unenforceable" to describe an assignment which did not comply with the statutory terms was not clear and thus the court would not determine the issue on a motion to dismiss. We are not bound by a federal district court ruling. *Pignato v. Great W. Bank*, 664 So. 2d 1011, 1015 (Fla. 4th DCA 1995).

*SFR* does not cite to any Florida law when it stated that a statute may declare a contract void but instead mean that it is voidable. Indeed, we can find no such law. The court also noted that the Legislature did not use the word "void" but "invalid." *SFR Servs.*, 529 F. Supp. 3d at 1293–94. While the definitions of "void" and "invalid" are distinct, they are not substantially different. "Void" means "of no legal effect," while "invalid" means "not legally binding." *Black's Law Dictionary* (11th ed. 2019). Whether the contract is of no legal effect or is not legally binding, it is unenforceable. As we must apply the plain meaning of a statute, the Legislature has precluded the enforcement of an AOB which does not include the mandatory statutory requirements.

The assignee contends that the insured cannot raise the invalidity of the assignment, because it is not a party to the assignment, relying on *Lugassy v. Independent Fire Insurance Co.*, 636 So. 2d 1332 (Fla. 1994), and similar cases for support. In *Lugassy*, the supreme court found that an insurer could not argue lack of consideration regarding an insured's contract with the insured's attorney, since the insured was neither a party to the contract nor a third-party beneficiary. *Id.* at 1335.

*Lugassy* did not involve a contract that the statute declares invalid. *See Park*, 547 So. 2d at 215. Here the statute expressly declares an assignment violative of its requirements is "invalid and unenforceable", precluding its enforcement by courts. § 627.7152(2)(d). As the assignee's right to sue the insurance company derives from an invalid document, the courts cannot enforce it.

Since the contract violated the statutory provisions and was thus unenforceable, we also reject the assignee's claim that the contract could be considered an equitable assignment, because this would improperly circumvent the clear statutory requirements. *See Hull & Co., Inc. v. Thomas*, 834 So. 2d 904, 907 (Fla. 4th DCA 2003).

We also decline the assignee's request to further amend its complaint. Not only did it not request that relief in the trial court, but we also conclude that any amendment would be futile. *See Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1286 (Fla. 2d DCA 2005) (stating that the relation back of amendments "does not permit a party to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact.").

**Conclusion**

An AOB contract must comply with section 627.7152 to be enforceable. Where an AOB contains only a general price list and not an estimate of the services to be performed, it does not comply with the statute. An assignee under a noncomplying AOB cannot enforce the contract because the Legislature has specifically stated that such contracts are invalid and unenforceable.

We thus affirm the order of dismissal.

CIKLIN and ARTAU, JJ., concur.

*      *      *

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***